# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| A. PERRY DESIGNS & BUILDS, P.C.<br><br>Plaintiff,<br><br>v.<br><br>J. PAUL BUILDERS, LLC<br><br>Defendant. | Civil Action No.: 1:23-cv-00828-JRR |
| J. PAUL BUILDERS, LLC<br>1 Reservoir Circle, Suite 100<br>Pikesville, Maryland 21208<br><br>    Counterclaim/Third-Party Plaintiff,<br><br>v.<br><br>CTLC, LLC trading as CTLC, INC.<br>6101 Tilghman Drive<br>Laurel, Maryland 20724<br><br>    SERVE ON:  Resident Agent<br>    United States Corporation Agents, Inc.<br>    6959 Golden Ring Road<br>    Rosedale, Maryland 21237<br><br>    Counterclaim/Third-Party Defendant. | |

## ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Counterclaim and Third-Party Plaintiff, J. Paul Builders, LLC, by Steven E. Tiller, Adam Cizek and Whiteford, Taylor & Preston, LLP, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, hereby files its Answer, Counterclaim and Third-Party Complaint and states:

## Parties

1. J. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and, on that ground, denies the same.

2. J. Paul admits that it is a limited liability company organized and existing under the laws of the State of Maryland. J. Paul admits that it is in the business of building single family homes in the Baltimore metropolitan area. J. Paul denies that its principal office is located in Baltimore, Maryland. J. Paul is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 2 of the Complaint and, on that ground, denies the same.

## Jurisdiction and Venue

3. The allegations of paragraph 3 of the Complaint constitute legal conclusions to which no response is required of J. Paul. To the extent a response is required, J. Paul denies the same.

4. The allegations of paragraph 4 of the Complaint constitute legal conclusions to which no response is required of J. Paul. To the extent a response is required, J. Paul denies the same.

5. J. Paul admits that it transacts business and maintains its principal place of business in the geographic territory that comprises the United States District Court for the District of Maryland, Northern Division. J. Paul denies the remainder of the allegations set forth in paragraph 5 of the Complaint.

2

## Count I – Copyright Infringement

6. J. Paul incorporates by reference the allegations of paragraphs 1 through 5 of this Answer as if fully set forth herein.

7. J. Paul admits that a document that purports to be a certificate of registration is attached to the Complaint as Exhibit "A." J. Paul is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 7 of the Complaint and, on that ground, denies the same.

8. J. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, on that ground, denies the same.

9. J. Paul denies that any document labeled Exhibit "B" is attached to the Complaint served upon it. The remainder of the allegations set forth in paragraph 9 of the Complaint constitute legal conclusions to which no response is required of J. Paul. To the extent that a response is required, J. Paul denies the remainder of the allegations set forth in paragraph 9 of the Complaint.

10. J. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that ground, denies the same.

11. J. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that ground, denies the same.

12. J. Paul denies the allegations set forth in paragraph 12 of the Complaint.

13. J. Paul denies the allegations set forth in paragraph 13 of the Complaint.

14. J. Paul denies the allegations set forth in paragraph 14 of the Complaint.

15. The allegations set forth in paragraph 15 of the Complaint constitute legal conclusions to which no response is required of J. Paul. To the extent a response is required, J. Paul denies the same.

WHEREFORE, J. Paul respectfully requests that Plaintiff's Complaint be dismissed with prejudice, J. Paul be awarded its attorneys' fees and costs of suit, and J. Paul be awarded such other and further relief of this Court deems just and equitable under the facts of this case.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief will be granted.

2. J. Paul used design documents prepared by Levin/Brown Associates, Inc. ("Levin/Brown") to construct the residence, not design documents prepared by Plaintiff. Upon information and belief, Levin/Browns' design documents constitute an original work.

3. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations. CTLC, LLC t/a CTLC, Inc. ("CTLC") originally engaged Plaintiff to prepare the design of a residence for the sole member of CTLC, Sandra Grier, and her husband, Michael Grier. Subsequently, CTLC engaged Drew Padgett ("Ms. Padgett") to act as its owner's representative for the construction of the residence for CTLC and the Griers by J. Paul. Upon information and belief, for almost the entirety of construction project and while Ms. Padgett was acting as CTLC's owner's representative for the project, Ms. Padgett was also employed by A. Perry. Additionally, shortly before the institution of this action, Ms. Padgett contacted J. Paul to advise it that A. Perry was going to institute this action against J. Paul. Upon information and belief, more than three years before the institution of this litigation, Ms. Padgett advised Plaintiff, her employer, that the construction of a residence for CTLC was proceeding and that Plaintiff's purported design may be

4

used to some limited extent in the construction. Ms. Padgett's communications with Plaintiff placed Plaintiff on inquiry notice and commenced the running of the statute of limitations.

4. Plaintiff's claim is barred, in whole or in part, by estoppel, unclean hands, waiver, laches, and/or failure to mitigate damages. Upon information and belief, Plaintiff was aware that CTLC was proceeding with the construction of a residence and that it may utilize Plaintiff's purported design to some limited extent based upon communications with Ms. Padgett. Upon information and belief, Plaintiff was further aware, based upon communications with its employee, Ms. Padgett, that the successor architect for the Project and J. Paul were led to believe that CTLC and/or the successor architect had obtained the right to use Plaintiff's purported design for the construction of the residence. *See* **Exhibit 1**. Plaintiff took no action to apprise the successor architect or J. Paul that a valid license to use its design documents had not been obtained despite its knowledge. Instead, Plaintiff lay in wait and then attempted to extort an outrageous sum of money from J. Paul for its alleged copyright infringement.

5. Plaintiff's claim for statutory damages, attorneys' fees, or costs under the United States Copyright Act is barred as Plaintiff failed to register any design upon which its claims are based prior to the alleged infringement.

6. J. Paul reserves the right to raise any defense, in law, fact or equity, as it further investigates this matter.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Counter and Third-Party Plaintiff J. Paul, by its undersigned counsel, pursuant to Rules 13 and 14 of the Federal Rules of Civil Procedure, hereby files its Counterclaim and Third-Party Complaint against CTLC and for grounds states as follows:

1. J. Paul is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located in Pikesville, Maryland.

2. CTLC is a limited liability company that is organized and existing under the laws of the State of Maryland. CTLC lists its principal office address with the Maryland State Department of Assessments and Taxation as 8160 Maple Lawn Boulevard, Suite 200, Fulton, Maryland 20759. However, this address is not current and CTLC has not maintained an office at this address for more than 7 years. CTLC's sole member, Sandra Grier, has testified in another proceeding that she has no intention of updating CTLC's principal address listed with the Maryland State Department of Assessments and Taxation despite a legal obligation to do so. CTLC now operates its business from Ms. Grier's personal residence, 6101 Tilghman Drive, Laurel, Maryland 20724.

## Jurisdiction

3. This Court has jurisdiction over this Counterclaim and Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).

## Factual Background

4. On or about January 13, 2020, J. Paul and CTLC entered into a Custom Home Construction Contract (Cost Plus Fee) (the "Contract") under which J. Paul was engaged to construct a residence for CTLC. *See* **Exhibit 2**.

5. Under the terms of the Contract, J. Paul was defined as the "Builder" and CTLC was defined as the "Buyer." Paragraph 7.12 of the Contract provides:

> Buyer [CTLC] shall defend, indemnify and hold Builder [J. Paul] harmless, including attorney's fees, from any suit or action commenced against Builder by any architect arising out of Builder utilizing any plans and specifications in the performance of the Work procured by Buyer. Buyer shall defend, indemnify and hold Builder harmless, including attorney's fees, for any suit or action

6

> commenced against Builder by any homeowners['] association, adjacent property owner and/or Separate Builder arising out of Builder performing the Work under the Contract, except to the extent that such suit or action results from the negligent performance of the Work or breach of the Contract by Builder. (Clarification added).

6. The Contract included an addendum (the "Addendum"). *See* Exhibit 2. Under the terms of the Addendum, J. Paul was defined as the "Contractor", CTLC was defined as "Owner" and Plaintiff was defined as the "Initial Architect." Paragraph 33 of the Addendum provides:

> The Owner [CTLC] shall indemnify and hold harmless Contractor from any claim, damage or experience [sic] (including reasonable attorney's fees) arising out of a claim by the Initial Architect [Plaintiff] that the use of the initial Architectural Drawings (as originally prepare or modified by Architect [Levin/Brown] by Contractor with respect to the Project violates any intellectual property rights of the Initial Architect. (Clarification added).

7. During the negotiation of the Contract, CTLC's sole member, Sandra Grier, represented to J. Paul that it would resolve the payment dispute between CTLC and Plaintiff and that any use of A. Perry's design documents by the successor architect, Levin/Brown, would be authorized.

8. Beginning in June of 2022, Plaintiff, through counsel, corresponded with J. Paul and alleged that J. Paul had infringed upon a copyrighted work of Plaintiff. Plaintiff further demanded a settlement payment from J. Paul to resolve its claim. In response, J. Paul sent several correspondences to CTLC and its counsel demanding that CTLC honor its contractual obligations to indemnify and hold J. Paul harmless from Plaintiff's claim and demands.

9. By electronic mail dated October 18, 2022, counsel for CTLC acknowledged CTLC's obligation to indemnify and hold J. Paul harmless from Plaintiff's claim and demands. *See* **Exhibit 3**. CTLC's counsel specifically stated in pertinent part:

7

> Section 7.12 [of the Contract] has an indemnification obligation in case the Builder [J. Paul] is sued by an architect over Builder's use of the any plans in performance of the Work. Under that provision, the Buyer [CTLC] only owes an indemnification obligation to the Builder once a lawsuit has commenced. At this time, any indemnification obligation is merely hypothetical given there is no current lawsuit filed. Nonetheless, to the extent that the Buyer ever has such a contractual obligation to indemnify the Builder, then the Buyer will abide by its contractual obligations. (Clarification added).

10. All conditions precedent to the institution of this Third Party Complaint, not otherwise waived by CTLC, have occurred or have been satisfied.

## COUNT I – INDEMNIFICATION

11. J. Paul incorporates herein by reference the allegations set forth in the foregoing paragraphs of this Third-Party Complaint.

12. J. Paul denies that it is liable to Plaintiff as alleged in the Complaint; however, to the extent that J. Paul is found to be liable to Plaintiff, CTLC is liable to J. Paul for any judgment entered against it under the terms of the Contract and pursuant to common law indemnification.

13. Additionally, CTLC is liable to J. Paul for all attorneys' fees and costs it has incurred and will incur as a result of Plaintiff's claim against it under the terms of the Contract and Addendum.

WHEREFORE, J. Paul respectfully that this Court enter judgment in its favor and against CTLC in the amount of any judgment entered in favor of Plaintiff and against J. Paul and in the amount of any unreimbursed attorneys' fees and costs incurred by J. Paul in connection with Plaintiff's claim against J. Paul and for such other and further relief as this Court deems just and equitable under the facts of this case.

>/s/ Adam Cizek
> Steven E. Tiller, Federal Bar No. 11085
> Adam Cizek, Federal Bar No. 27144
> WHITEFORD, TAYLOR & PRESTON, LLP
> 7 Saint Paul Street, Suite 1500
> Baltimore, Maryland 21202
> Telephone: (410) 347-8700
> Facsimile: (410) 223-3497
> stiller@whitefordlaw.com
> acizek@whitefordlaw.com
> *Attorneys for Defendant/Counterclaim and Third Party Plaintiff, J. Paul Builders, LLC*

## DEMAND FOR JURY TRIAL

J. Paul hereby demands a trial by jury on Plaintiff's Complaint and all Complaint issues that are so triable.

>/s/ Adam Cizek
> Adam Cizek

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2023, a true and accurate copy of the foregoing Disclosure was served upon all counsel of record via the Court's CM/ECF System.

>/s/ Adam Cizek
> Adam Cizek

*12839315v6*

9

# EXHIBIT 1

## AGREEMENT AND RELEASE

This Agreement and Release (this "Agreement") is entered into by and between A. Perry Designs & Builds and Levin / Brown & Associates, Inc. ("Levin / Brown") this 14th day of October 2019:

WHEREAS, A. PERRY DESIGNS & BUILDS created a design for a building located at 15125 Devlin Drive in Glenelg, Maryland 21737 (the "Drawings");

WHEREAS, Levin / Brown has been retained to provide revisions to the Drawings for obtaining a building permit for construction on the Project (hereinafter the "Revised Drawings");

WHEREAS, Levin / Brown wishes to use the Drawings for the purpose of creating the Revised Drawings;

NOW THEREFORE, in consideration of the foregoing, of the mutual promises herein contained, and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties hereto, intending legally to be bound, hereby agree as follows:

1. **Incorporation of Recitals**. The recitals set forth above are incorporated herein and made a part of this Agreement.

2. **Authorization**. A. PERRY DESIGNS & BUILDS hereby authorizes Levin / Brown the right to use its Drawings and grants a one-time license to use the Drawings to create the Revised Drawings for this Project only.

3. **Release**. A. PERRY DESIGNS & BUILDS further releases Levin Brown from any claims of intellectual property rights, including but not limited to copyrights, A. PERRY DESIGNS & BUILDS has to its Drawings relative to Levin / Brown's use of the Drawings for this project only.

4. **Integration Clause: No Oral Modification.** This Agreement contains the entire agreement between the parties hereto and is intended as a full and final expression of their settlement and release of all claims as set forth herein, and may not be modified, amended or terminated except by a written agreement specifically referring to this Agreement and signed by the parties hereto prior to the effective date of any such modification, amendment or termination.

5. **Authority.** The parties represent that they have reviewed this Agreement, have had the opportunity to consult with counsel and are entering into this agreement freely and voluntarily. This Agreement shall not be construed in favor or against any party on the basis of draftsmanship.

6. **Severability.** If any provision of this Agreement, or application thereof, shall be held to be invalid, the invalidity shall not affect the other provisions of the Agreement which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

7. **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

*[Signatures on following pages]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date indicated below.

                Levin / Brown & Associates, Inc.
By:    Mark Levin, AIA

Date:_____

                CTLC, Sandra Grier, CEO
                Company, Name & Title
By:
                */s/ Sandra Grier*

Date: 10/17/19