# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| A PERRY DESIGNS & BUILDS, P.C. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J. PAUL BUILDERS, LLC and ) <br> LEVIN/BROWN ASSOCIATES, INC.; ) <br> ) <br> Defendants. ) <br> _____) <br> J. PAUL BUILDERS, LLC ) <br> ) <br> Counterclaim/Third-Party Plaintiff ) <br> ) <br> v. ) <br> ) <br> CTLC, LLC trading as CTLC, INC. ) <br> ) <br> Counterclaim/Third-Party Defendant.) | Civil Action No.: 1:23-cv-00828-JRR |

## AMENDED COMPLAINT

Plaintiff, A. Perry Designs & Builds, P.C. ("A. Perry Designs & Builds, P.C." or "Plaintiff"), by its undersigned attorneys and pursuant to the Federal Rules of Civil Procedure, files this Amended Complaint against Defendants J. Paul Builders, LLC ("JPB") and Levin/Brown & Associates, Inc. ("LBA") and states:

### Parties

1. The Plaintiff is now and was at all times pertinent hereto an Illinois professional corporation engaged in the business of designing luxury houses with its principal office located in Wilmette, Illinois.

2. JPB is now and was at all times pertinent hereto a Maryland limited liability company engaged in the business of building single family houses in the Baltimore metropolitan area with its principal office located in Baltimore, Maryland.

3. LBA is now and was at all times pertinent hereto a Maryland company engaged in the business of architectural services, including residential architecture.

## Jurisdiction and Venue

4. This cause arises under the United States Copyright Act, U.S. Code, Title 17, Section 101, et seq. (the "Copyright Act"), and this Court has jurisdiction of this cause pursuant to U.S. Code Title 28, section 1338(a).

5. Venue is proper in the District of Maryland, Northern Division, pursuant to U.S. Code Title 28 Section 1400(a) and U.S. Code Title 28, Section 1391(b). Process properly issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## General Allegations

6. On or about July 2, 2014, the Sandra and Michael Grier (collectively the "Griers") entered into a contract with Arrisbrook, LLC, a Maryland builder, to provide design build services (the "Arrisbrook/Grier Contract") for a new home located in Glenelg, Maryland on Lot #6, consisting of approximately 38.162 acres, in the Howard County subdivision known as "Cattail Overlook" (the "Grier Residence"). A true and accurate copy of the Arrisbrook/Grier Contract is attached hereto as **Exhibit "A"**.

7. The Arrisbrook/Grier Contract identified Plaintiff as the architect for the project.

8. Arrisbrook, the Griers, and Plaintiff were all parties and signatories to the Arrisbrook/Grier Contract.

9. Plaintiff's scope of work under the Arrisbrook/Grier Contract included, among other things, the creation of construction documents, drawings and design of the Grier Residence ("Architectural Services").

10. Under Section 2.2 of the Arrisbrook/Grier Contract, Plaintiff's fees for Architectural Services were "5% of the total actual fair market construction costs for all the work as included on the drawings (including options and alternates) including site work on the lot." Ex. A at 2.

11. Section 2.5 of the Arrisbrook/Grier Contract set forth the ownership of the architect's documents:

> [Plaintiff's] Documents (plans, designs, sketches, notes, all work product, etc.) shall convey to [the Griers] upon payment of fees for [Plaintiff's] services [Plaintiff] shall be deemed the author and shall retain all common law, statutory and other reserved rights, including copyright, and [the Griers] shall have no license to use any of said [Plaintiff's] Documents.

*See*, Ex. A at 2.

12. Pursuant to its obligations under the Arrisbrook/Grier Contract, Plaintiff created an original design for the Grier Residence which the Plaintiff designated "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737". A copy of "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" Certificate of Registration is attached hereto as **Exhibit "B"**.

13. The "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" is a wholly original work of architecture and copyrightable subject matter under the laws of the United States.

14. Plaintiff has duly complied in all respects with the provisions of the Copyright Laws of the United States and has secured the exclusive rights and privileges in and to "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", and Plaintiff requested and has received from the Register of Copyrights a Certificate of Registration. A copy of the Copyright of Registration is attached hereto as **Exhibit "C"**.

32545418v.1

15. At all relevant times, Plaintiff has been, and is now, the sole proprietor of all rights, title, and interest in the copyright and is the sole owner of the right to exploit the copyright of the exclusive design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737".

16. Sometime after the execution of the Arrisbrook/Grier Contract the Grier's formed CTLC, LLC ("CTLC") for the purpose of holding title to the property and to manage the development of the Cattail Overlook subdivision.

17. To date, neither the Griers nor CLTC has paid Plaintiff all of the fees owed to Plaintiff for Architectural Services.

18. On or about January 18, 2019, Plaintiff terminated its agreement with CLTC and the Griers.

19. On or about January 13, 2020, CTLC entered into a contract with JPB to complete the construction of the Grier Residence (the "CTLC/JPB Contract"). A copy of the CTLC/JPB Contract is attached hereto as **Exhibit "D"**.

20. Under the CTLC/JPB Contract, JPB was to act as the general contractor and LBA was hired as the architect.

21. Upon information and belief, LBA was hired to trace Plaintiff's copyrighted plans. A November 19, 2019, email between LBA and JPB regarding the scope of work is attached hereto as **Exhibit "E"**.

22. Upon information and belief, CTLC made unauthorized copies of Plaintiff's copyrighted work and provided JPB and LBA with access to Plaintiff's copyright protected design to complete the project.

23. Upon information and belief, JPB and LBA made additional copies of Plaintiff's copyright protected design and/or created derivative work based on the protected design.

24. Upon information and belief, LBA used Plaintiff's copied plans as a sample of its own architectural work for marketing purposes and to attract new business. A July 6, 2020, email between LBA's project manager Erica Wunderlich and one of LBA's principals, Jay Brown, regarding sharing the "grier cd set and exterior renderings" is attached hereto as **Exhibit "F"**.

25. CTLC, JPB, and LBA knew that they did not have a license to copy or create any derivative work based on Plaintiff's copyright protected design and doing so would constitute an infringement of Plaintiff's copyright.

26. As evidence of their knowledge and willful infringement, CTLC, JPB, and LBA included the following language in the CLTC/JPB Contract:

> [CLTC] shall indemnify and hold harmless [JPB] from any claim, damage or experience [*sic*] (including reasonable attorney's fees) arising out of a claim by the [Plaintiff] that the use of the [Plaintiff's drawings] (as originally prepared or modified by [LBA]) by [JPB] with respect to the Project violates any intellectual property rights of [Plaintiff].

*See*, Ex. D at 63-64 (Addendum to Custom Home Construction Contract, § 33).

27. As further evidence of CTLC, JPB, and LBA's knowledge and willful infringement, unbeknownst to Plaintiff, on October 17, 2019, CTLC executed a release agreement with LBA (the "CTLC/LBA Release") wherein Sandra Grier, as CEO of CTLC, unilaterally authorized LBA the "right to use" Plaintiff's copyright protected design and granted a "one-time license to use to create" LBA derivative works. A copy of the CTLC/LBA Release is attached hereto as **Exhibit "G"**.

28. Lacking any authorization from Plaintiff, the CTLC/LBA Release expressly stated "[Plaintiff] further releases [LBA] from any claims of intellectual property rights, including but not limited to copyrights…" Ex. G, §3.

29. Plaintiff did not draft the CTLC/LBA Release.

30. Plaintiff had no knowledge of the CTLC/LBA Release.

Page 5 of 13

32545418v.1

31. Plaintiff was not a party to the CTLC/LBA Release.

32. Plaintiff was not a signatory to the CTLC/LBA Release.

33. Plaintiff did not authorize Sandra Grier or CTLC, in any way, to act on Plaintiff's behalf, grant a license to anyone, or release its copyright protection.

34. Neither CTLC, LBA nor JPB would be entitled to a license because none of them have paid the Plaintiff its fee for its architectural work, which is a requirement to obtain a license.

## Count I – Copyright Infringement
### (against J. Paul Builders, LLC)

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Amended Complaint as if fully set forth herein.

36. Plaintiff's copyright includes the exclusive rights to (a) make copies of the architectural drawings, and (b) prepare derivative works based upon the copyrighted drawings.

37. Copyright protection prohibits another entity from making copies of original architectural drawings and plans without a license from the copyright holder.

38. Upon information and belief, JPB had access to Plaintiff's "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" and related confidential information thereon.

39. Upon information and belief, at some time presently unknown, after it was first published, JPB intentionally and willfully infringed Plaintiff's copyright by copying and reproducing Plaintiff's copyrighted design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" and causing to build, offering to build, engaging others to build and building, without Plaintiff's consent or license, a building which embodies and/or incorporates, and therefore is copied from and substantially similar to Plaintiff's copyrighted design, "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737". A photograph of the infringing work is attached hereto as **Exhibit "H"**.

40. Defendant's design is clearly copied from Plaintiff's design. *See*, Ex. H and a 3D rendering of Plaintiff's copyright protected design attached hereto as **Exhibit "I"**.

41. Defendant's design is substantially similar to Plaintiff's design.

42. Plaintiff has no adequate remedy at law.

WHEREFORE, the Plaintiff, A. Perry Designs & Builds, P.C., respectfully requests judgment:

a. That Defendant JPB, together with its officers, agents, servants, employees, attorneys and other parties in active concert or participating with it, be enjoined from infringing Plaintiff's copyrighted design copied from and substantially similar to the copyrighted work "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", or by causing and participating in offering to build and/or engaging others to reproduce, build, and/or building, distributing, displaying, promoting, or advertising by others of buildings and/or designs of buildings embodying and/or incorporating a design copied from and substantially similar to the copyrighted design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", pursuant to 17 U.S.C. § 503;

b. That Defendant JPB, together with its officers, agents, servants, employees, attorneys, and other parties in active concert or participating with it, be required to deliver up for destruction all infringing copies of Plaintiff's copyrighted design in their possession and or under their control, whether in the form of renditions, drawings, or any other objects and goods incorporating the infringing design, and to withdraw all advertising or materials bearing a copy of such copyrighted work pursuant to 17 U.S.C. § 503;

c. That Defendant JPB be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement of Plaintiff's copyrighted design, and to

32545418v.1

account for all gains, profits, and advantages derived by it from their infringement, including profits on all sales of goods embodying any copy of the copyrighted designs pursuant to 17 U.S.C. § 504;

    d.    That Defendant JPB be required to pay Plaintiff A. Perry Designs & Builds, P.C. statutory damages or actual damages, whichever is greater, pursuant to 17 U.S.C. § 504; and

    e.    That Plaintiff A. Perry Designs & Builds, P.C. be awarded any other damages and remedies, at law or in equity, as the Court may deem just and proper.

## Count II – Derivative Copyright Use
### (against J. Paul Builders, LLC)

43.    Plaintiff incorporates by reference paragraphs 1 through 42 of this Amended Complaint as if fully set forth herein.

44.    It is an unlawful infringement of the original architect's exclusive right to prepare derivative works if another entity creates new drawings that are modifications of the original architectural drawings and plans.

45.    An infringement of derivative work can be established by a showing that the defendant's work substantially incorporated protected materials from the plaintiff's preexisting work.

46.    JPB's copying and modifications of Plaintiff's copyright protected design without Plaintiff's authorized used or license constitutes an infringement of Plaintiff's exclusive right to prepare derivative works.

WHEREFORE, the Plaintiff, A. Perry Designs & Builds, P.C., respectfully requests judgment:

    a.    That Defendant JPB, together with its officers, agents, servants, employees, attorneys and other parties in active concert or participating with it, be enjoined from infringing Plaintiff's copyrighted design copied from and substantially similar to the copyrighted work "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", or by causing and participating in offering

to build and/or engaging others to reproduce, build, and/or building, distributing, displaying, promoting, or advertising by others of buildings and/or designs of buildings embodying and/or incorporating a design copied from and substantially similar to the copyrighted design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", pursuant to 17 U.S.C. § 503;

b. That Defendant JPB, together with its officers, agents, servants, employees, attorneys, and other parties in active concert or participating with it, be required to deliver up for destruction all infringing copies of Plaintiff's copyrighted design in their possession and or under their control, whether in the form of renditions, drawings, or any other objects and goods incorporating the infringing design, and to withdraw all advertising or materials bearing a copy of such copyrighted work pursuant to 17 U.S.C. § 503;

c. That Defendant JPB be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement of Plaintiff's copyrighted design, and to account for all gains, profits, and advantages derived by it from their infringement, including profits on all sales of goods embodying any copy of the copyrighted designs pursuant to 17 U.S.C. § 504;

d. That Defendant JPB be required to pay Plaintiff A. Perry Designs & Builds, P.C. statutory damages or actual damages, whichever is greater, pursuant to 17 U.S.C. § 504; and

e. That Plaintiff A. Perry Designs & Builds, P.C. be awarded any other damages and remedies, at law or in equity, as the Court may deem just and proper.

### Count III – Copyright Infringement
### (against Levin / Brown, Associates, Inc.)

47. Plaintiff incorporates by reference paragraphs 1 through 34 of this Amended Complaint as if fully set forth herein.

32545418v.1

48. Plaintiff's copyright protected architectural plans and drawings include the exclusive rights to (a) make copies of the architectural drawings, and (b) prepare derivative works based upon the copyrighted drawings.

49. Copyright protection prohibits another entity from making copies of original architectural drawings and plans without a license from the copyright holder.

50. Upon information and belief, LBA had access to Plaintiff's "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" and related confidential information thereon.

51. Upon information and belief, at some time presently unknown, after it was first published, LBA intentionally and willfully infringed Plaintiff's copyright by copying and reproducing the Plaintiff's copyrighted design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" and causing to build, offering to build, engaging others to build and building, without Plaintiff's consent or license, a building which embodies and/or incorporates, and therefore is copied from and substantially similar to Plaintiff's copyrighted design, "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737". *See*, Ex. H.

52. LBA's 's design is clearly copied from Plaintiff's design. *See*, Ex. H and Ex. I.

53. LBA's design is substantially similar to Plaintiff's design.

54. Plaintiff has no adequate remedy at law.

WHEREFORE, the Plaintiff, A. Perry Designs & Builds, P.C., respectfully requests judgment:

a. That Defendant LBA, together with its officers, agents, servants, employees, attorneys and other parties in active concert or participating with it, be enjoined from infringing Plaintiff's copyrighted design copied from and substantially similar to the copyrighted work "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", or by causing and participating in offering

32545418v.1

to build and/or engaging others to reproduce, build, and/or building, distributing, displaying, promoting, or advertising by others of buildings and/or designs of buildings embodying and/or incorporating a design copied from and substantially similar to the copyrighted design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", pursuant to 17 U.S.C. § 503;

b.  That Defendant LBA, together with its officers, agents, servants, employees, attorneys, and other parties in active concert or participating with it, be required to deliver up for destruction all infringing copies of Plaintiff's copyrighted design in their possession and or under their control, whether in the form of renditions, drawings, or any other objects and goods incorporating the infringing design, and to withdraw all advertising or materials bearing a copy of such copyrighted work pursuant to 17 U.S.C. § 503;

c.  That Defendant LBA be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement of Plaintiff's copyrighted design, and to account for all gains, profits, and advantages derived by it from their infringement, including profits on all sales of goods embodying any copy of the copyrighted designs pursuant to 17 U.S.C. § 504;

d.  That Defendant LBA be required to pay Plaintiff A. Perry Designs & Builds, P.C. statutory damages or its actual damages, whichever is greater, pursuant to 17 U.S.C. § 504; and

e.  That Plaintiff A. Perry Designs & Builds, P.C. be awarded any other damages and remedies, at law or in equity, as the Court may deem just and proper.

### Count IV – Derivative Copyright Use
### (against Levin / Brown Associates, Inc.)

55.  Plaintiff incorporates by reference paragraphs 1 through 34 and paragraphs 47 through 54 of this Amended Complaint as if fully set forth herein.

56. It is an unlawful infringement of the original architect's exclusive right to prepare derivative works if another entity creates new drawings that are modifications of the original architectural drawings and plans.

57. An infringement of derivative work can be established by a showing that the defendant's work substantially incorporated protected materials from the plaintiff's preexisting work.

58. LBA's copying and modifications of Plaintiff's copyright protected design without Plaintiff's authorized used or license constitutes an infringement of Plaintiff's exclusive right to prepare derivative works.

WHEREFORE, the Plaintiff, A. Perry Designs & Builds, P.C., respectfully requests judgment:

a. That Defendant LBA, together with its officers, agents, servants, employees, attorneys and other parties in active concert or participating with it, be enjoined from infringing Plaintiff's copyrighted design copied from and substantially similar to the copyrighted work "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", or by causing and participating in offering to build and/or engaging others to reproduce, build, and/or building, distributing, displaying, promoting, or advertising by others of buildings and/or designs of buildings embodying and/or incorporating a design copied from and substantially similar to the copyrighted design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737", pursuant to 17 U.S.C. § 503;

b. That Defendant LBA, together with its officers, agents, servants, employees, attorneys, and other parties in active concert or participating with it, be required to deliver up for destruction all infringing copies of Plaintiff's copyrighted design in their possession and or under their control, whether in the form of renditions, drawings, or any other objects and goods incorporating the

32545418v.1

infringing design, and to withdraw all advertising or materials bearing a copy of such copyrighted work pursuant to 17 U.S.C. § 503;

    c.    That Defendant LBA be required to pay Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement of Plaintiff's copyrighted design, and to account for all gains, profits, and advantages derived by it from their infringement, including profits on all sales of goods embodying any copy of the copyrighted designs pursuant to 17 U.S.C. § 504;

    d.    That Defendant LBA be required to pay Plaintiff A. Perry Designs & Builds, P.C. statutory damages or its actual damages, whichever is greater, pursuant to 17 U.S.C. § 504; and

    e.    That Plaintiff A. Perry Designs & Builds, P.C. be awarded any other damages and remedies, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

*Andrés J. Gallegos II*
Andrés J. Gallegos II

David D. Gilliss, Bar No. 05174
Robert H. Kline, Bar No. 20802
White and Williams, LLP
600 Washington Ave., Ste. 303
Towson, Maryland, 21204
443-761-6500
443-461-6519 (fax)
gillissd@whiteandwilliams.com
kliner@whiteandwilliams.com

Ryan T. Johnson (*pro hac vice*)
Andrés Gallegos II (*pro hac vice*)
Hahn Loeser & Park, LLP
200 W. Madison, Ste. 2700
Chicago, IL 60606
(312) 637-3000
rjohnson@hahnlaw.com
agallegosii@hahnlaw.com

*Attorneys for A. Perry Designs & Builds, P.C.*

32545418v.1