**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| In re: )<br>)<br>  CTLC, LLC, )<br>)<br>        Debtor. )<br>) | Chapter 11<br>Case No. 23-15444-DER |

## OBJECTION TO CHAPTER 11 PLAN

J. Paul Builders, LLC ("J. Paul"), by and through its counsel, files this objection (the "Objection") to the *Chapter 11 Plan* [Docket No. 75] (the "Plan") filed by CTLC, LLC (the "Debtor").

## BACKGROUND

1. On August 2, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court"). The Debtor is operating its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor's primary asset is a custom home site located in Glenelg, Maryland and a partially completed custom home thereon (the "Property").

3. J. Paul holds a secured claim in the amount of $994,413.35, resulting from a final mechanic's lien against the Property, and an unsecured claim in the amount of $1,172,108.39.

4. On February 2, 2024, the Debtor filed its initial Disclosure Statement and the Plan.

5. On March 8, 2024, J. Paul filed an objection to the Disclosure Statement [Docket No. 92]. In response to the objection, the Debtor agreed to amend the Disclosure Statement to provide specified further information.

6. On April 3, 2024, the Court entered an *Order Approving Stipulation Resolving Objections to Disclosure Statement* [Docket No. 95]. The Debtor thereafter filed an Amended Disclosure Statement.

7. On April 15, 2024, the Court entered an *Order Approving Disclosure Statement and Setting Hearing on Confirmation of Plan* [Docket No. 98]. Hearing on confirmation of the Plan is scheduled for June 5, 2024.

8. By the Plan, the Debtor seeks to force creditors to wait for up to an additional two (2) years for the Debtor to potentially sell the Property. For the reasons set forth below, the Court should deny confirmation of the Plan and convert this case to Chapter 7 so that a trustee can promptly and responsibly sell the Property and pay creditors as soon as possible.

**The Plan Fails to Satisfy the Requirements for Confirmation**

9. The Plan is not confirmable because it fails to meet several of the requirements of Section 1129(a) of the Bankruptcy Code.

10. In the first instance, the Plan was not filed in good faith as required by §1129(a)(3). This is in essence a liquidation plan that was filed on August 2, 2023. Despite the passage of over eight (8) months, the Debtor has yet to commence the marketing or sale of the Property. The good faith standard requires that the plan be proposed with honesty and good intentions. *See In re Zenith Elecs. Corp.*, 241 B.R. 91 (Bankr. D. Del. 1999). In this case the Debtor appears to be seeking to maximize a possible return to equity holders rather than moving expeditiously to pay creditors.

11. The Plan fails to satisfy Section 1129(a)(8). That section requires that each class of creditors either accept the plan or not be impaired. Under the Plan, classes 4, 5, and 6 are impaired. Classes 4 and 5 are voting to reject the Plan. Class 6 may also vote to reject the Plan. As a result, Section 1129(a)(8) is not met.

12. The Plan also fails to satisfy §1129(a)(10), which requires that at least one impaired class of claims must accept the Plan, <u>determined without including any acceptance of the plan by an insider</u>. Because Classes 4 and 5 have rejected the Plan, Class 6 must accept the Plan in order to satisfy §1129(a)(10). Class 6 cannot accept the Plan because J. Paul has voted its $1.17 million unsecured claim to reject the Plan. The $4.58 million claim of the Grier Revocable Trust is an insider claim pursuant to §101(31)(B) and may not be considered under Section 1129(a)(10).[1]

13. The Plan also has serious feasibility issues under Section 1129(a)(11). The Plan and Disclosure Statement indicate that the cost to complete construction of the Property may total $1 million. According to the monthly operating report filed by the Debtor, the Debtor has no income and virtually no cash on hand. Creditors are led to believe that the Debtor's principals will contribute the money needed for completion, but there is no enforceable obligation in place requiring them to do so, nor is there any evidence that the principals have the financial ability to fund these costs. The Court must find that the Plan has a reasonable probability of success, which is not the case here. *See In Re F.G. Metals, Inc.*, 390 B.R. 467 (Bankr. M. D. Fla. 2008).

14. Because the Plan fails to comply with Section 1129(a) of the Bankruptcy Code, confirmation must be denied. Further, the Court should prevent any further delays in the sale of the Property by converting this case to Chapter 7 so that an independent Trustee can promptly and responsibly sell the Property as soon as possible so that non-insider creditors can be paid.

WHEREFORE, J. Paul respectfully requests that this Court: (i) sustain this Objection; (ii) deny confirmation of the Plan; (iii) convert this case to Chapter 7; and (iv) grant such other and further relief as may be just.

---

[1] Because there is no accepting impaired class, cramdown under Section 1129(b) is not available to the Debtor.

Respectfully submitted,

*/s/ Brent C. Strickland*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Brent C. Strickland, Esquire (Bar No. 22704)
Whiteford, Taylor & Preston L.L.P.
8830 Stanford Boulevard
Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to J. Paul Builders, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of May, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Richard L. Costella rcostella@tydings.com,jmurphy@tydings.com
- Jeffrey Louis Forman forman@comcast.net, forman3@yahoo.com;jeff.forman@gmail.com
- Patricia B. Jefferson pjefferson@milesstockbridge.com
- Robert H. Kline kliner@whiteandwilliams.com
- Katherine A. (UST) Levin Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
- Joseph Michael Selba JSelba@tydingslaw.com, jselba@tydings.com
- Brent C. Strickland      bstrickland@wtplaw.com, mbaum@wtplaw.com; brent-strickland-3227@ecf.pacerpro.com
- US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify,bestcase.com;verstandiglaw@recap.email

*/s/ Brent C. Strickland*
Brent C. Strickland

*13550175*

4