**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CTLC, LLC, | ) | Case No. 23-15444 (DER) |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |

**CONSENT MOTION OF A. PERRY BUILDS & DESIGN, P.C.
FOR ENTRY OF ORDER ALLOWING A LATE FILED PROOF OF CLAIM**

A. Perry Builds & Design, P.C. ("**A. Perry**" or the "**Movant**"), by and through undersigned counsel, and with the consent of CTLC, LLC (the "**Debtor**"), hereby respectfully moves (the "**Motion**") this Court under § 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1) for an order deeming A. Perry proof of claim, as filed at Claim 6 (the "**Proof of Claim**"), timely filed. In support of this Motion, the Movant respectfully states as follows:

**I.      JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Maryland (the "**Bankruptcy Court**") has jurisdiction over this bankruptcy case and this Motion under 28 U.S.C. §§ 157 and 1334 and *Standing Order 2012-05* dated July 24, 2012.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory and legal foundations for the relief sought herein are § 105(a) of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure 3003(c) and 9006(b)(1) (hereafter, the "**Bankruptcy Rules**").

4. The Movant consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article II of the United States Constitution.

## II. BACKGROUND

5. Prior to the bankruptcy filing, the Debtor's business operations were focused on the sale of multiple lots of real property owned by the Debtor, including but not limited to the real property known as 15125 Devlin Drive, Glenelg, Maryland 21737 (the "**Residence**"). The Residence was being developed by the Debtor for the purpose of building a substantial residence for the Debtor's sole member, Sandra Grier ("**Sandra**"), and her husband, Michael Grier ("**Michael**" and collectively with Sandra, the "**Griers**").

6. On or about August 2, 2023 (the "**Petition Date**"), facing a foreclosure action on the Residence, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code to stop the foreclosure action.

7. Prior to the Petition Date, on or about July 2, 2014, the Griers entered into a contract with Arrisbrook, LLC ("**Arrisbrook**"), a Maryland builder, to provide design build services for a new home located in Glenelg, Maryland on Lot #6, consisting of approximately 38.162 acres, in the Howard County subdivision known as "Cattail Overlook" (the "**Arrisbrook/Grier Contract**"). A true and accurate copy of the Arrisbrook/Grier Contract is attached to the Proof of Claim as **Exhibit "3"**.

5. The Arrisbrook/Grier Contract identified A. Perry as the architect for the project. Arrisbrook, Grier, and A. Perry were all parties and signatories to the Arrisbrook/Grier Contract. A. Perry's scope of work under the Arrisbrook/Grier Contract included, among other things, the creation of construction documents, drawings, and design (the "**Architectural Services**") of the Residence.

6. In 2014, A. Perry created an original design which it designated "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737". A copy of "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" Certificate of Registration is attached to the Proof of Claim as **Exhibit "4"**. The "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" is a wholly original work of architecture and copyrightable subject matter under the laws of the United States. A. Perry has duly complied in all respects with the provisions of the Copyright Laws of the United States and has secured the exclusive rights and privileges in and to said design, and A. Perry requested and has received from the Register of Copyrights a Certificate of Registration. A copy of the Copyright of Registration is attached to the Proof of Claim as **Exhibit "4"**. At all relevant times, A. Perry has been, and is now, the sole proprietor of all rights, title, and interest in the copyright and is the sole owner of the right to exploit the copyright of the exclusive design "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737". A copy of "Proposed Residence 15125 Devlin Drive, Glenelg, Maryland 21737" Certificate of Registration is attached to the Proof of Claim as **Exhibit "5"**.

8. Sometime after the execution of the Arrisbrook/Grier Contract, the Griers formed the Debtor entity for the purpose of holding title to the Residence and to manage the development of the Cattail Overlook subdivision. To date, neither the Griers nor Debtor has paid A. Perry all of the fees owed for the Architectural Services.

9. On or about January 18, 2019, A. Perry terminated the Arrisbrook/Grier Contract.

10. On or about January 13, 2020, Debtor entered into a separate contract with J. Paul Builders, LLC ("**J. Paul**") to complete the construction of the Grier residence (the "**CTLC/J. Pual Contract**"). A copy of the CTLC/J. Paul Contract is attached to the Proof of Claim as **Exhibit "6"**.

Under the CTLC/J. Paul Contract, J. Paul was to act as the general contractor and Levin/Brown Associates, Inc. ("**Levin/Brown**") was hired as the architect.

11. A. Perry contends Debtor made unauthorized copies of A. Perry's copyrighted work and provided J. Paul and with access to A. Perry's copyright protected design to complete the project. Upon information and belief, J. Paul made additional copies of A. Perry's copyright protected design and/or created derivative work based of the protected design. Debtor disputes A. Perry's claims.

12. On March 2, 2023, A. Perry filed a prepetition civil case pending in the United States District Court for the District of Maryland, captioned *A. Perry Designs & Builds, P.C. v. J. Paul Builders, LLC*, Civil Action No.: 1:23-cv-00828-JRR (the "**Copyright Action**"), in which A. Perry asserts claims against J. Paul alleging copyright infringement.

13. On April 18, 2023, J. Paul filed its third-party complaint and counterclaim against Debtor in the Copyright Action alleging Debtor is required to indemnify and hold J. Paul harmless against A. Perry's copyright infringement claim.

14. On May 26, 2023, Debtor filed its answer to J. Paul's third-party complaint and counterclaim.

15. On the Petition Date, Debtor filed this bankruptcy case, effectively staying the Copyright Action.

16. On September 25, 2023, J. Paul filed its motion for relief from the automatic stay with this Court ("**J. Paul's Lift Stay Motion**"). [*See*, Doc. No. 21]. On November 16, 2023, the District Court suspended all deadlines previously set forth pending J. Paul's Lift Stay Motion. The hearing on J. Paul' Lift Stay Motion was originally set for January 22, 2024 [Doc. 59], then continued to February 15, 2024 [Doc. 64], and finally continued J. Paul's Lift Stay Motion until May 9, 2024.

4

17. J. Paul alleged the Debtor has a contractual duty to indemnify J. Paul for any damages to A. Perry. Thus, according to J. Paul, any liability incurred by J. Paul as a result of the Copyright Action shall result in an allowed unliquidated claim against the Debtor's estate. In addition to the potential indemnification liability, A. Perry was intending to seek relief from the automatic stay to file an amended complaint naming Debtor as a defendant and bring claims of copyright infringement and derivative use directly against Debtor. By agreement with Debtor's counsel, the treatment of A. Perry's claim will be addressed in this Bankruptcy Case after any potential liability is determined in the Copyright Action.

18. Prior to the May 9, 2024 hearing on J. Paul's Lift Stay Motion, J. Paul, the Debtor, and A. Perry signed off on a consent order (the "**Consent Order**") resolving the J. Paul Lift Stay Motion, which effectively allows the Debtor to fully participate in the Copyright Action.

19. Specifically, the Consent Order modified the automatic stay "to permit the resumption and completion of litigation in the civil case pending in the United States District Court for the District of Maryland captioned *A. Perry Designs & Builds, P.C. v. J. Paul Builders, LLC*, Civil Action No. 1:23-cv-00828-JRR [the Copyright Action ] as to all parties to that case, including the Debtor."

20. In addition, as agreed to by the parties, the Consent Order provides that "the resolution of the claims against the Debtor in the Federal District Case shall be binding and determinative of (i) any allowed claim of J. Paul Builders, LLC against the Debtor with respect to the alleged indemnification obligations asserted against the Debtor set forth in the Proof of Claim No. 5, so as to resolve the Debtor's objection to such portions of the claim of J. Paul Builders, LLC, and (ii) any allowed claim of any other party against the Debtor with respect to the claims asserted in the [Copyright Action]…."

21. As of the date of this Motion, the Consent Order has not yet been entered by the Court.

22. In its bankruptcy case, Debtor listed A. Perry as a creditor with a nonpriority unsecured claim in its schedules. *See* Docket No. 13; pg. 12 of 23.

23. On or about February 2, 2024, Debtor filed its *Chapter 11 Plan* [Docket No. 75] (the "**Plan**") and related *Disclosure Statement* [Docket No. 76]. On or about April 15, 2024, the Bankruptcy Court entered an order approving the Disclosure Statement and setting a hearing for June 5, 2024 regarding the confirmation of Debtor's Plan. The last day to object to Debtor's Plan was May 20, 2024.

24. On or about May 20, 2024, A. Perry filed its *Objection of A. Perry Builds & Design, P.C. to Debtor's Chapter 11 Plan* [Docket No. 106] (the "**Plan Objection**"). A. Perry also voted to reject the proposed Plan.

### III. NO PRIOR MOTION

25. The Movant has not filed a prior motion for the relief sought in this Motion with this Court or any other court.

### IV. A. PERRY'S FAILURE TO TIMELY FILE A PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE NEGLECT

26. In a Chapter 11 case, if a creditor's proof of claim is late due to "excusable neglect," then under Fed. R. Bankr. P. 9006(b)(1), as applied to Fed. R. Bankr. P., the court has discretionary authority to allow that creditor to file a proof of claim beyond the claims bar date. Pursuant to Bankruptcy Rule 3003(c)(3), the "Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Bankruptcy Rule 9006(b)(1) allows the Bar Date to be extended where the failure to timely act "was the result of excusable neglect." A. Perry

should be entitled to file a late proof of claim because it can satisfy the "excusable neglect" standard.

27. The Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) established a four part test to assess whether a failure to act is "excusable": '[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith. *Id.* (referring to factors considered by the Court of Appeals and District Court, *In re Pioneer Inv. Services Co.*, 943 F.2d 673, 677 (6th Cir. 1991)). "All [of the *Pioneer*] factors must be considered and balanced; no one factor trumps the others." *Hefta v. Off'l Comm. Of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 133 (3rd Cir. 2005).

28. The meaning of excusable neglect as used in Rule 9006(b)(1) was addressed in *Pioneer*. The Supreme Court found that "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' … the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id* at 395.

    **A.    The Pioneer Factor Analysis – Prejudice to the Debtor**

29. Danger of prejudice to the debtor "is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *See Manus Corp. v. NRG Energy, Inc. (In re O'Brien Envtl Energy, Inc.), 188 F.3d 116, 127 (3rd Cir. 1999)*; *see also Toscano v. The RSH Liquidating Trust (IN re RS Legacy Corp.)*, 577 B.R. 134, 140-41 (3rd Cir. 2017) (citing to *O'Brien*).

30. In this instance, there is no danger of prejudice to Debtor as it has agreed to allow A. Perry's proof of claim to be considered timely filed because the claim will be addressed in the Copyright Action. Thus, there is no surprise to Debtor and the Debtor was aware of A. Perry's assertion of its claim. Moreover, J. Paul already has asserted an indemnification claim against Debtor to the extent the District Court finds that J. Paul is liable to A. Perry for copyright infringement or any other claims asserted by A. Perry against J. Paul in the Copyright Action. By allowing A. Perry's proof of claim to be filed, it merely provides for A. Perry to recover directly from Debtor through its Plan rather than indirectly through J. Paul.

31. As set forth above, Debtor knew about A. Perry's claim and even scheduled the claim at the outset of this Bankruptcy Case. Moreover, considering the status of the Bankruptcy Case, the payment of A. Perry's claim would not force the return of amounts already paid out under a confirmed plan or affect any prior distributions to creditors. Furthermore, the allowance of A. Perry's timely filed Proof of Claim would not jeopardize the success of the Debtor's reorganization, the Copyright Action, and the disposition of the Residence, which is at the crux of the Debtor's proposed Plan.

32. Finally, allowance of A. Perry's claim would not open the floodgates to other late claims. *See O'Brien*, 188 F.3d. at 126-28. A. Perry's claims are limited to the Copyright Action; the only other party with claims arising out of the Copyright Action, J. Paul, already has filed a proof of claim for the same damages asserted by A. Perry.

    **B.**    **The Pioneer Factors – Length of Delay and Impact on Judicial Proceedings**

33. The length of the delay and the impact of that delay on judicial proceedings necessarily requires the Court to examine the parties' conduct cause delay relative to the stage of the bankruptcy process itself. *Pioneer*, 507 U.S. at 388. Hence, even though the actual delay time

is notable, the more significant concern is how that delay derailed, if at all, the reorganization process. *O'Brien*, 188 F.3d at 130. From that perspective, any delay in allowing A. Perry's Proof of Claim is inconsequential. *In re EFH Corp.*, 522 B.R. 520, 531 (Bankr. D. Del. 2015). The claims bar date expired on November 21, 2023. That amount of time notwithstanding, A. Perry's late filing would not delay or otherwise impact the timeliness of Debtor's reorganization or this judicial proceeding. This conclusion is proper because Debtor's case, at this time, has yet confirmed its Plan. Similarly, creditor payments have not been made, and discharge has not yet been granted. Moreover, even in the event that this Motion is not granted, A. Perry could still recover from Debtor through J. Paul's indemnification claim. In sum, A. Perry's delay is not a material factor bearing on the progress of Debtor's bankruptcy case. In fact, it would be more proper to allow A. Perry's claim as timely filed so that the parties to the Copyright Action are in a procedurally proper position to recover under the Plan, once confirmed.

**C.     The Pioneer Factors – Reason for the Delay and A. Perry's Good Faith**

34.     A. Perry brought the Copyright Action against J. Paul prepetition. J. Paul asserted its third-party indemnification claims against the Debtor prepetition as well. In fact, it was not until this Bankruptcy Court instructed J. Paul to notice A. Perry regarding J. Paul's Lift Stay Motion, on November 20, 2023 – the day before the Proof of Claim Bar Date – that A. Perry was aware that Debtor had filed for bankruptcy protection. A. Perry did not receive actual notice of the bankruptcy filing until after the Proof of Claim Bar Date had passed. Thus, in any event, *any* proof of claim filed by A. Perry would have been late.

35.     Moreover, when A. Perry filed the Copyright Action, it was not aware that the Griers had created the Debtor, otherwise A. Perry would have named Debtor as a defendant at that

time. Given the timing of A. Perry's notice of this case, there cannot be any inference of bad intent or carelessness on A. Perry's part.

36. In fact, when J. Paul's Lift Stay Motion was continued yet again in February until April, A. Perry's counsel reached out to Debtor's counsel to seek the relief requested herein. This Motion is the result of the parties working together to craft a proper resolution that would not prejudice either Debtor or any creditors and would allow this case to proceed in a timely manner.

37. Debtor consents to the requested relief of deeming A. Perry's claim timely, and a proposed consent order is submitted herewith.

WHEREFORE, for the foregoing reasons, the Movant respectfully requests that the Court enter an order deeming A. Perry's proof of claim timely, as filed at Claim 6.

Dated: May 28, 2024

/s/ Robert H. Kline_____
Robert H. Kline, Bar No. 20802
White and Williams, LLP
600 Washington Ave., Ste. 303
Towson, Maryland, 21204
443-761-6500
443-461-6519 (fax)
kliner@whiteandwilliams.com

Ryan T. Johnson (*pro hac vice*)
Andrés Gallegos II (*pro hac vice*)
Hahn Loeser & Park, LLP
200 W. Madison, Ste. 2700
Chicago, IL 60606
(312) 637-3000
rjohnson@hahnlaw.com
agallegosii@hahnlaw.com

*Counsel for A. Perry Builds & Design, P.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May 2024, a true and accurate copy of the Consent Motion was served upon those parties listed below via the Court's CM/ECF System.

/s/ *Robert H. Kline*
Robert H. Kline

### CM/ECF List

Richard L. Costella rcostella@tydings.com, jmurphy@tydings.com
Katherine A. (UST) Levin Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
Joseph Michael Selba JSelba@tydingslaw.com, jselba@tydings.com
Dennis J. Shaffer dshaffer@wtplaw.com, kmccruden@wtplaw.com;pbowling@wtplaw.com
US Trustee - Baltimore USTPRegion04.BA.ECF@USDOJ.GOV
Maurice Belmont VerStandig mac@mbvesq.com, lisa@mbvesq.com; mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com