**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **CTLC, LLC** | * | Case No. 23-15444-DER |
| | | (Chapter 11) |
| **Debtor.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AMENDED CHAPTER 11 PLAN**

CTLC, LLC, Debtor and Debtor-in-Possession (the "Debtor") hereby proposes this Amended Chapter 11 Plan pursuant to the provisions of the Bankruptcy Code (as defined in Article I below).

**ARTICLE I - DEFINITIONS**

For purposes of this Plan, the following terms shall have the meanings hereinafter set forth:

1.1  "Administrative Bar Date" means forty-five (45) days after the Effective Date and is the date by which applications for allowance of Administrative Expense Claims incurred through the Confirmation Date must be filed with the Court or be forever barred and discharged. Notice of confirmation of the Plan shall be deemed sufficient and adequate notice of the Administrative Bar Date.

1.2  "Administrative Expense(s)" means a Claim for costs and expenses of administration of the Chapter 11 case allowed under section 503(b) or, if applicable, 1114(e)(2) of the Bankruptcy Code, including: (a) any actual and necessary costs and expenses incurred after the Petition Date of preserving the Debtor's Estate and operating the business of the Debtor (such as wages, salaries, commissions for services and payments for inventories, lease equipment and premises) and Claims of governmental units for taxes (including Claims related to taxes which accrued after the Petition Date, but excluding Claims related to taxes which accrued on or before the Petition Date); (b)

6173535.2

compensation for legal, financial, advisory, accounting and other services and reimbursement of expenses allowed by the Bankruptcy Court under sections 330, 331 or 503(b) of the Bankruptcy Code to the extent incurred prior to the Effective Date; and (c) all fees and charges assessed against the Debtor's Estate under 28 U.S.C. §1930.

    1.3    "Allowed Claim(s)" means any Claim:

        (a)    in respect of which a proof of claim has been filed with the Bankruptcy Court within the applicable period of limitations fixed by Bankruptcy Rule 3003; or

        (b)    which is listed in Schedules D, E or F filed by the Debtor with the Court, including any amendments thereto, and is not listed as disputed, contingent, or unliquidated as to amount; or

        (c)    for which an application has been filed pursuant to sections 329 and 330 of the Bankruptcy Code;

and further, as to any such Claim, (i) either no objection to the allowance thereof has been filed, or if an objection to the allowance thereof has been filed, the objection has been overruled or the amount of such Claim fixed by a Final Order; or (ii) such Claim has not been paid, settled, waived or withdrawn.

    1.4    "Bankruptcy Code" means Title 11 of the United States Code ("U.S.C.") as enacted by the Bankruptcy Reform Act of 1978, Public Law No. 95-598 and subsequently amended, and such portions of Title 28 of the United States Code as are applicable to bankruptcy cases.

    1.5    "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the District of Maryland.

    1.6    "Bankruptcy Rules" means (a) the Federal Rules of Bankruptcy Procedure, and (b) the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Maryland, both as now in effect or hereafter amended.

6173535.2

1.7 "Causes of Action" means any action, claim, cause of action, controversy, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license and franchise of any kind or character whatsoever, known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law, including but not limited to any action to recover any transfer that may be avoided under any provision of the Bankruptcy Code including, but not limited to, sections 544, 547, 548 or 549; or any action, cause of action, claim, power, right and/or and remedy arising under sections 544, 545, 546, 547, 548, 549, 550, 553 or 558 of the Bankruptcy Code. Causes of Action also include: (a) any right of setoff, counterclaim or recoupment and any claim for breaches of duties imposed by law or in equity; (b) the right to object to Claims or Interests; (c) any claim pursuant to sections 362 or chapter 5 of the Bankruptcy Code; (d) any claim or defense including fraud, mistake, duress and usury and any other defenses set forth in section 558 of the Bankruptcy Code; and (e) any state law fraudulent transfer claim.

1.8 "Claim(s)" means any claim against the Estate or as defined in § 101(5) of the Bankruptcy Code, including, but not limited to, all claims arising from the rejection of unexpired leases and/or executory contracts.

1.9 "Claims Bar Deadline" means October 21, 2023 for all creditors except for a governmental unit; and January 29, 2024 for a governmental unit.

1.10 "Claim Objection Deadline" means the date that occurs ~~ninety (90~~thirty (30) days following the ~~Effective Date~~closing of the sale of the Debtor's Real Property.

6173535.2

3

1.11 "Confirmation Date" means the date on which the Court enters the Confirmation Order.

1.12 "Confirmation Order" means the order of the Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

1.13 "Disputed Claim(s)" means any Claim or a portion of any Claim as to which the Debtor, or any other party in interest has filed an objection or motion to estimate claim in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection has not been withdrawn or adjudicated pursuant to a Final Order.

1.14 "Effective Date" means the day after the Confirmation Order becomes final by expiration of the time for appeal therefrom.

1.15 "Estate" means the Debtor's bankruptcy estate created pursuant to section 541 of the Bankruptcy Code upon commencement of the Debtor's bankruptcy case.

1.16 "Final Order" means an order that has not been reversed, stayed, modified or amended and the time to appeal from or to seek review of or rehearing on such order has expired, and which order has become final.

1.17 "Petition Date" means August 2, 2023.

1.18 "Plan" means the Debtor's Amended Chapter 11 Plan, or as hereafter amended or modified.

1.19 "Plan Proponents" shall mean Sandra Grier, Michael Grier, and the Grier Revocable Trust.

1.20 "Professional Person(s)" means an attorney, accountant, appraiser, consultant or other professional retained or to be compensated pursuant to an order of the Court entered under sections 327, 328, 330, 503(b), or 1103 of the Bankruptcy Code.

1.21    "Proof of Claim" means a proof of claim filed pursuant to section 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.22    "Real Property" means the real estate known as 15125 Devlin Drive, Glenelg, MD 21737 in Howard County, Maryland, generally described as a custom home site, consisting of approximately 38.25 acres, improved by a partially constructed two story, approximately 25,000 square-foot single family residence.

1.23    "Sale Deadline" means the date certain agreed to by the Debtor, Class 4 claimants, and Class 5 claimants, subject to extension (i) by written consent of both Class 4 claimants and Class 5 claimants, or (ii) by Court order for good cause upon Debtor's motion filed at least fifteen (15) days prior to such date (any such motion being subject to the timely opposition or objection of any party in interest).  The Sale Deadline is to be kept confidential and any pleading or paper filed with respect to the Sale Deadline shall be filed under seal (or such portions under seal or redacted), so as to maintain the confidentiality of the Sale Deadline, as provided at Article IX.

~~1.23~~1.24    "Schedules" means the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules, and any amendments thereto.

~~1.24~~1.25    "Secured" shall be consistent with section 506 of the Bankruptcy Code, and shall mean an allowed Claim in an amount equal to the present value of the applicable creditor's interest in the Debtor's interest in the property, or in the amount subject to setoff, as may be established by this Plan, the Confirmation Order, or separate Order of the Court.  Debtor reserves the right to challenge whether a Claim is fully secured or secured at all.

## ARTICLE II - CLASSIFICATION OF CLAIMS

Claims against the Estate shall be classified as follows:

2.1    <u>Class 1</u>.  Class 1 consists of (i) Allowed Claims for costs and expenses of administration of the Estate, as defined above as Administrative Expenses, including fees of Professional Persons approved by the Court and other post-petition operating expenses and (ii) fees payable to the United States Trustee by the Debtor under 28 U.S.C. § 1930(a)(6).

2.2    <u>Class 2</u>.  Class 2 consists of all Allowed Claims that are entitled to priority under section 507 of the Bankruptcy Code excluding 11 U.S.C. § 507(a)(2) administrative claims and § 507(a)(8) unsecured tax claims.

2.3    <u>Class 3</u>.  Class 3 consists of all Allowed Claims for unsecured taxes of government units entitled to priority under section 507(a)(8).

2.4    <u>Class 4</u>.  Class 4 consists of the Secured Claim of WCP Fund I LLC as Servicer for Pacific RBLF Funding Trust, as claimed against the Debtor's Estate at Claim No. 1 filed with the Bankruptcy Court.  The Debtor acknowledges the validity and priority of the lien held by the Class 4 claimant, and stipulates that the outstanding principal balance of the Class 4 claim is $350,000, with accrued interest and accruing default interest subject to calculation based on verified payments.  The parties reserve their rights as to the other portions of the claim balance.

2.5    <u>Class 5</u>.  Class 5 consists of the Secured Claim of J Paul Builders, LLC, as claimed against the Debtor's Estate at Claim No. 5 filed with the Bankruptcy Court.

2.6    <u>Class 6</u>.  Class 6 is comprised of all general unsecured Claims.

### **ARTICLE III - - TREATMENT OF CLAIMS AND INTERESTS**

3.1    <u>Class 1</u>.  The Debtor shall pay each Class 1 claimants in full, in cash, on the latest of (a) the Effective Date, (b) the thirtieth (30th) day after such claimant's claim has become an Allowed Claim, or (c) a date agreed upon by the Debtor and the particular claimant. Class 1 is not a class of claims impaired under the Plan.

3.2     Class 2.  The Debtor shall pay each Class 2 claimants in full, in cash, but only to the extent each is entitled to priority under section 507, on the latest of (a) the Effective Date, (b) the thirtieth (30th) day after such claimant's claim has become an Allowed Claim, or (c) a date agreed upon by the Debtor and the particular claimant. Class 2 is not a class of claims impaired under the Plan.

3.3     Class 3.  The Debtor shall pay each Class 3 claimants in full, in cash, but only to the extent each is entitled to priority under section 507, on the latest of (a) the Effective Date, (b) the thirtieth (30th) day after such claimant's claim has become an Allowed Claim, or (c) a date agreed upon by the Debtor and the particular claimant. Class 3 is not a class of claims impaired under the Plan.

3.4     Class 4.  Class 4 asserts a lien against the Debtor's Real Property by way of a Deed of Trust recorded at Book 21365, page 438 among the Land Records for Howard County, Maryland.  The Debtor shall pay the Class 4 claimants their Allowed Secured Claim in full ~~upon the sale or refinance of the Debtor's Real Property,~~ no later than ~~two (2) years from the Effective Date~~<ins>the Sale Deadline</ins>, and after such date the automatic stay provided by 11 U.S.C. § 362 shall be immediately terminated as to Class 4 claimants, and such claimants shall then be entitled, without further order of the Court, to immediately exercise and enforce all rights and remedies afforded their Secured interest(s) in the Debtor's Real Property under applicable state law.  Class 4 is a class of Claims impaired under the Plan.

<ins>(a)     Right of Inspection:  Claim 4 claimants shall have the right to inspect the Debtor's Real Property at mutually agreed upon time for the limited purpose of verifying the condition of the property.</ins>

(b) Equitable Servitude: With respect to the stay relief provided to Class 4 claimants, the stay shall be terminated in all respects and in the event that the Debtor or any party claiming an interest in the Debtor's Real Property files a subsequent petition for relief under Title 11 of the United States Code for a period of one year after the Sale Deadline, the automatic stay shall not attach to the Debtor's Real Property and will be deemed void ab initio and annulled upon the filing with respect to Class 4 claimants, their successors, agents or assigns, and/or their Allowed Secured Claim.

3.5     Class 5.  Class 5 asserts a lien against the Debtor's Real Property by way of a Final Mechanic's Lien Order entered in the Circuit Court for Howard County, Case No. C-13-Cv-22-000026.  The Debtor shall pay the Class 5 claimants their Allowed Secured Claim in full ~~upon the sale or refinance of the Debtor's Real Property, no later than two (2) years from the Effective Date~~ no later than the Sale Deadline, and after such date the automatic stay provided by 11 U.S.C. § 362 shall be immediately terminated as to Class 5 claimants, and such claimants shall then be entitled, without further order of the Court, to immediately exercise and enforce all rights and remedies afforded their Secured interest(s) in the Debtor's Real Property under applicable state law.  Class 5 is a class of Claims impaired under the Plan.

3.6     Class 6.  Class 6 claims shall be paid pro rata from (i) any surplus net sale proceeds from the sale of the Debtor's Real Property after the payment of all closing costs, real estate taxes and all amounts required to satisfy the Allowed Secured Claims, and (ii) any remaining cash of the Debtor, within sixty (60) days of the sale of the Debtor's Real Property.  Class 6 is a class of Claims impaired under the Plan.

## ARTICLE IV— - MEANS FOR EXECUTION OF THE PLAN

4.1     Funding of Plan.  The funds necessary to implement the Plan shall be funded by the Debtor's cash reserves, contributions from the Plan Proponents, and, ultimately, the sale or refinance of the Debtor's Real Property.  The Debtor shall adhere to the following deadlines: no later than the Sale Deadline.

(a)     Deadline for Listing:  No later than June 1, 2024, Debtor shall actively list the Real Property for sale with a broker employed with Court authorization.

(b)     Deadline for Sale:  The Debtor's Real Property shall be sold no later than two years from the Effective Date.

4.2     4.2     Retained Duties, Rights and Powers of the Debtor.  Upon confirmation of the Plan, the Debtor shall retain all rights and powers under the Bankruptcy Code, including, but not limited to, the right to prosecute all Causes of Action and all other causes of actions and all other rights and powers under §§ 505, 506, 541, 542, 543, 544, 547, 548, 549, 550, and 553 of the Bankruptcy Code.  Furthermore, from and after the Effective Date the Debtor shall retain the authority for (i) enforcing and prosecuting claims, interests, rights and privileges of the Debtor's Estate, including, without limitation, Causes of Action; (ii) resolving Disputed Claims; and (iii) confirming and administering the Plan and taking such actions as are necessary to effectuate the Plan.

4.3     4.3     Actions on Claims.  The Debtor shall have the exclusive right, power and authority, but not the obligation, among other things, to: (a) object to any Claim; (b) file suit or commence an action or proceeding with respect to any claim or cause of action of the Debtor and/or the Debtor's Estate, and otherwise prosecute, settle, compromise or pursue such claim or cause of

action; (c) retain and employ professionals as it deems necessary or appropriate to carry out the terms and purposes of the Plan and on such terms as the Debtor deems reasonable; (d) execute and enter into contracts on behalf of the Estate as the Debtor deems necessary or appropriate to carry out the terms and purposes of the Plan and on such terms as the Debtor deems reasonable; (e) distribute funds to holders of allowed Claims consistent with the terms of the Plan; (f) file a final report and move to close the Debtor's Chapter 11 case; and (g) to take such other and further actions as may be necessary or appropriate to carry out the terms and purposes of the Plan. The provisions of this paragraph are subject to the following exception: in the event that the proceeds from the sale of the Debtor's Real Property are not sufficient to pay unsecured creditors in full, any claimant may object to or seek subordination of the claim(s) of the Greir Revocable Trust or any insider party.

    4.4  <u>Special Tax Provision</u>.  Pursuant to § 1146 of the Bankruptcy Code, the following transactions shall <u>not</u> be subject to any stamp, real estate transfer, recapture, mortgage recording or other similar tax: the issuance, transfer or exchange of any notes or equity securities under the Plan; sale of the Debtor's Real Property or other assets; the creation of any mortgage, deed of trust or other security interest; the making or assignment of any lease or sublease; or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan; and/or any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan.

    4.5  <u>Resolution of Disputed Claims</u>. To the extent a Claim is a Disputed Claim, the Debtor shall not be required to pay the applicable disputed portion of a payment to the holder of the Disputed Claim that would otherwise be payable with respect to the Disputed Claim.  In the event that the Disputed Claim is allowed, the Debtor shall thereafter pay the appropriate amount to

the holder of such Claim in accordance with the terms of the Plan and in the same manner as any other creditor of the same Class.

4.6 <u>Distributions.</u> The Debtor may stop payment on any distribution check that has not cleared the issuing bank within ninety (90) days of the date of distribution of such check. All unclaimed funds or property may be used to satisfy any additional expenses or fees, or if none exist and all classes have been paid in full, shall revert to the bank accounts maintained by the Debtor. Distributions to holders of Allowed Claims shall be made at the address of each such holder as determined in accordance with the proof of claim filed by the respective claimholder, or if no proof of claim is filed, in accordance with the Schedules. If any holder's distribution is returned as undeliverable, no further distributions to such holder shall be made unless and until the Debtor becomes aware of such holder's then current address, at which time all missed distributions shall be made to such holder, without interest, from the date of the first attempted distribution. All unclaimed distributions shall be used to satisfy the costs of administering and fully consummating this Plan and the holder of any such Claim or interest shall not be entitled to any other further distribution under this Plan on account of such Claim or interest.

## **ARTICLE V - EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

5.1 <u>Assumption of Remaining Leases and Contracts</u>. Unless otherwise assumed or rejected by separate Court order, on the Effective Date, except as otherwise provided herein, or in any contract, instrument, release, indenture or other agreement or document entered into in connection with the Plan, executory contracts and unexpired leases shall be deemed rejected, with the effective date of assumption being the Effective Date or such date determined by the Bankruptcy Court, unless such executory contract or unexpired lease: (i) was assumed, assumed and assigned, or rejected previously; (ii) previously expired or terminated pursuant to its own terms; or (iii) is the

subject of a motion to assume or assume and assign filed on or before the Effective Date. The entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the assumptions or rejections of such executory contracts or unexpired leases as set forth in the Plan, pursuant to sections 365(a) and § 1123 of the Bankruptcy Code. Any motions to assume or assume and assign executory contracts or unexpired leases pending on the Effective Date shall be subject to approval by the Bankruptcy Court on or after the Effective Date by a final order, including the Confirmation Order.

5.2     Rejection Claims. Pursuant to Bankruptcy Rule 3002(c)(4), and except as otherwise ordered by the Court, Claims arising from the rejection of an executory contract or unexpired lease shall be filed, by way of motion, with the Court no later than thirty (30) days after the later of the entry of a Final Order approving such rejection and the confirmation of the Plan, or such Claim shall be forever barred. Any Claim arising from the rejection of an executory contract or unexpired lease shall be deemed a Class 6 Claim for distribution purposes as of the date of the entry of an order of the Court approving said Claim.

## ARTICLE VI - MODIFICATION OF PLAN

6.1     Pre-Confirmation Modification. The Debtor reserves the right, in accordance with the Bankruptcy Code, to amend or modify the Plan or the treatment of any Claim prior to the Confirmation Date.

6.2     Post-Confirmation Modification. After the Confirmation Date, the Debtor may amend or modify the Plan, or any portion thereof, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission, or reconcile any inconsistency in the Plan, in such a manner as may be necessary to carry out the purpose and intent of the Plan.

## ARTICLE VII - EFFECT OF CONFIRMATION

7.1     Binding Effect. On or after the Confirmation Date, the provisions of this Plan shall bind the Debtor and any holder of a Claim against the Debtor, whether or not such Claim is impaired under this Plan and whether such holder has accepted this Plan. This Plan amends and supersedes any prior plan filed or proposed by the Debtor.

## ARTICLE VIII - GENERAL PROVISIONS

8.1     Retention of Jurisdiction.  Notwithstanding the Confirmation of the Plan, the Court will retain jurisdiction until consummation of the Plan to ensure that the purposes and intent of the Plan are carried out.  The Court's jurisdiction shall be over any and all disputes and litigation pending at the time of the confirmation of the Plan, any controversies that may arise thereafter, and any controversies that may affect the ability of the Debtor to effectuate the consummation of the Plan.  By way of illustration of the jurisdiction retained by the Court, but not by way of limitation of the same, the Court shall retain jurisdiction in this case, among other things, for the following purposes:

(a)     The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to the claims of creditors. The failure by the Debtor to object, or to examine any claim for purposes of voting, shall not be deemed to be a waiver of the right to object to or re-examine any claim in whole or in part.

(b)     Except to the extent that the Debtor choose to invoke the jurisdiction of a state court, the determination of all causes of action, controversies, disputes and conflicts involving, or relating to, the Debtor or the Debtor's assets, arising prior to or after the Confirmation Date, whether or not subject to an action pending as of the Confirmation Date, between the Debtor and any other party or parties, including but not limited to, any right of the Debtor to recover assets pursuant to applicable provisions of the Bankruptcy Code.

(c)     The modification of this Plan after confirmation to correct any defect, to cure any omission, or to reconcile any inconsistency in this Plan or in the Order of Confirmation, as may be necessary or otherwise appropriate to carry

out and/or clarify the intended purposes of the Plan or the Confirmation Order.

(d)     The allowance of compensation for professional services rendered to the Debtor's Estate by professionals of the Debtor through the Confirmation Date pursuant to section 330(a) of the Bankruptcy Code, upon application for such compensation.

(e)     The enforcement and interpretation of the terms and conditions of this Plan, including any agreement for satisfaction of an Allowed Claim.

(f)     The determination of the existence of any liens, encumbrances, or interests of other parties in property of the Debtor's Estate or the Debtor, and the extent and priority thereof.

(g)     The enforcement of, and the continuation of, the automatic stay and any similar equitable relief with respect to post-confirmation actions against the Debtor, the Debtor's Estate, and/or property of the Debtor's Estate.

(h)     The resolution of any disputes regarding implementation of the Plan.

(i)     Entry of an order concluding and terminating the case.

8.2     <u>Payment as Release</u>.  The tender of full payment to the holder of an Allowed Claim in any class as provided for under this Plan shall be deemed to effect a settlement, release, and discharge of the Debtor, the Debtor's Estate, and all of the Debtor's property by such holder on behalf of itself, successors and assigns.

8.3     <u>Extension of Dates</u>.  If any date or deadline under this Plan falls on a Saturday, Sunday, or legal holiday, the date or deadline shall be deemed to occur on the next business day thereafter, unless otherwise provided herein.

8.4     <u>Rules of Construction.</u>  Except as otherwise provided herein, this Plan shall be construed in conformance with the rules of construction in § 102 of the Bankruptcy Code.  Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan provides otherwise, the rights and obligations arising under the Plan

6173535.2

shall be governed by, and construed and enforced in accordance with, the laws of the State of Maryland, without giving effect to the principles of conflicts of law of such jurisdiction.

   8.5  Addresses for Notices.  In the event a party is required to give notice to the Debtor under this Plan, such notice shall be in writing, shall reference the above-referenced case numbers, and shall be sent by commercially reasonable means under the circumstances to the following:

Richard L. Costella, Esq.
Joseph M. Selba, Esq.
Tydings & Rosenberg LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202
(410) 752-9700
Fax: 410.727.5460
rcostella@tydings.com
jselba@tydings.com

   8.6  Section 1129(b) Election.  In order to confirm the Plan, and to the extent necessary, the Debtor invokes the entitlement of section 1129(b) of the Bankruptcy Code, such that, as long as the Plan does not discriminate unfairly, and is fair and equitable, with respect to any Class of Claims that is impaired under and has not accepted the Plan, the Plan may be confirmed by the Court.

   8.7  Statutory Fees.  All fees payable pursuant to Chapter 123 of Title 28, United States Code, as determined by the Court on the Confirmation Date, shall be payable on the Effective Date.  Any statutory fees accruing after the Effective Date shall constitute Administrative Expenses.

   8.8  Deadline for Filing Administrative Expense Claims.  Notwithstanding section 503(a) of the Bankruptcy Code, any person or entity seeking the allowance or payment of an Administrative Expense Claim under section 503 of the Bankruptcy Code and/or any Professional

Person or firm retained with approval by order of the Court seeking compensation in this Chapter 11 case pursuant to sections 330 or 503(b) of the Bankruptcy Code, shall be required to file on or before the Administrative Bar Date an application for the allowance and/or payment of an Administrative Expense Claim including, without limitation, an application for the final compensation of a Professional Person and reimbursement of expenses. Any such Administrative Expense Claim not filed by the Administrative Bar Date shall be forever barred and discharged. Objections to any such application shall be filed on or before a date to be set by the Court.

8.9 ~~Actions on Claims. After the Confirmation Date, unless otherwise ordered by the Court after notice and a hearing, the Debtor shall have the sole and exclusive right to make and file objections to Claims and shall serve a copy of each objection upon the holder of such Claim to which the objection is made. Objections to Claims shall be filed by the Claim Objection Deadline. The Debtor shall retain the discretion to litigate such objection to a final determination in the Court or to elect to compromise, settle, or otherwise resolve any such objection subject to approval thereof by the Court. The Debtor may, at any time, request that the Court estimate any Disputed Claim pursuant to § 502(c) of the Bankruptcy Code regardless of whether there is a previous objection to such Claim, and the Court will retain jurisdiction to estimate any such Claim(s) at any time. On or after the Confirmation Date, any Claims which have been estimated may subsequently be compromised, settled, withdrawn or otherwise resolved subject to approval by the Court. If, on or after the Effective Date, any Disputed Claim is allowed, the Debtor shall include the Claim in the next distribution to creditors in that particular class of Claims, and any distribution thereafter until the Claim has been paid in accordance with all other Claims in that class.~~

~~8.10~~ 8.9 Closing of Case. When all Disputed Claims filed against the Debtor have become Allowed Claims or have been disallowed by Final Order, and the Debtor has

determined that all causes of action have been fully and finally resolved, the Debtor may seek authority from the Bankruptcy Court to close it case and seek a final decree in accordance with the Bankruptcy Code and the Bankruptcy Rules.

        ~~8.11~~8.10     **Invalidity of Plan Provisions**. Should any provision of this Plan be determined to be invalid, void or unenforceable, such determination shall not in any way limit or affect the enforceability and operative effect of any or all other provisions of the Plan and the Court shall, with the consent of the Debtor, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and in no way shall be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in according with the foregoing, is valid and enforceable pursuant to its terms.

## ARTICLE IX - CONFIDENTIAL PLAN SUPPLEMENT

A Confidential Plan Supplement has been agreed to by the Debtor, Class 4 claimants, and Class 5 claimants, providing for (i) procedures to maintain the confidentiality of the Sale Deadline (defined at section 1.23 *supra*); (ii) requirements for the Debtor to provide reporting of any purchase offers made for the Debtor's Real Property, and (iii) certain remedies should the Debtor default on the terms of the Plan. The Confidential Plan Supplement is being filed under seal.

Dated: ~~February 2~~June 13, 2024                          _____**CTLC, LLC, Debtor**

6173535.2

By: _____
Sandra Grier, Owner/Member

**SANDRA GRIER, Plan Proponent**

_____

**MICHAEL GRIER, Plan Proponent**

_____

**GRIER REVOCABLE TRUST, Plan Proponent**

By: _____
Michael Grier, Trustee


/s/ Joseph M. Selba                   /s/ Joseph M. Selba
Richard L. Costella, Bar No. 14095    Richard L. Costella, Bar No. 14095
Joseph M. Selba, Fed. Bar No.: 29181  Joseph M. Selba, Fed. Bar No.: 29181
Tydings & Rosenberg LLP               Tydings & Rosenberg LLP
1 East Pratt Street, Suite 901        1 East Pratt Street, Suite 901
Baltimore, Maryland 21202             Baltimore, Maryland 21202
Tel: (410) 752-9700                   Tel: (410) 752-9700
Email: rcostella@tydings.com          Fax: 410.727.5460
       jselba@tydings.com             Email: rcostella@tydings.com
*Counsel for the Debtor*                     jselba@tydings.com
                                      *Counsel for the Debtor*

6173535.2

6173535.2

19