IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| CTLC, LLC | * | Case No. 23-15444-DER |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SEAL CONFIDENTIAL PLAN SUPPLEMENT

Pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, CTLC, LLC, Debtor and Debtor-in-Possession (the "Debtor") hereby moves to file the Confidential Plan Supplement document submitted with the Debtor's Amended Chapter 11 Plan under seal, and respectfully requests that the Court order the document to be docketed under seal.

1. Section 107(b) authorizes the Court to issue orders that will protect entities from potential harm caused by disclosure of confidential information. Specifically, § 107(b) provides that upon the "request of a party in interest", the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1).

2. Bankruptcy Rule 9018 establishes the procedures by which a party may move for relief under § 107(b). On motion or on the Court's own initiative, Bankruptcy Rule 9018 states that the Court may "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Additionally, § 105(a) permits the Court to grant the relief requested herein pursuant to its equitable powers, and provides that, among other things, "[t]he court may

6180368.1

issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

3. A court also should protect confidential information when its disclosure may adversely affect the party, *In re Frontier Grp., LLC,* 256 B.R. 771, 773 (E.D. Tenn. 2000), or when disclosure may "reasonably be expected to cause the entity commercial injury." *In re Northstar Energy*, 315 B.R. at 429 (Bankr.E.D.Tex. 2004). Courts have defined commercial information as that "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Northstar Energy*, 315 B.R. at 429 (citing *Orion Pictures Corp.,* 21 F.3d. at 27); *see also In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). Confidential commercial information further need not rise to the level of a trade secret before the court is required to protect such information. *Orion Pictures Corp.*, 21 F.3d at 28.

4. The Confidential Plan Supplement has been agreed to by creditors and provides for (i) procedures to maintain the confidentiality of the Sale Deadline under the Amended Chapter 11 Plan; (ii) requirements for the Debtor to provide reporting of any purchase offers made for the Debtor's Real Property, and (iii) certain remedies should the Debtor default on the terms of the Plan.

5. The Debtor submits that sealing of the Confidential Plan Supplement is appropriate under the circumstances of this case. The Debtor will be selling its Real Property for the highest and best offer. The Real Property is peculiar as a custom home site, consisting of approximately 38.25 acres, improved by a partially constructed two story, approximately 25,000 square-foot single family residence. Providing the information contained the Confidential Plan Supplement in a public forum where potential buyers or competitors of the Debtor would have access to it could

have a detrimental impact on the Debtor's sale efforts and, thereby, the interests of the Debtor's creditors.

6. A copy of the Confidential Plan Supplement has been provided to creditors and the Office of the United States Trustee.

Respectfully submitted,

Dated: June 14, 2024

/s/ Joseph M. Selba
Richard L. Costella, Bar No. 14095
Joseph M. Selba, Fed. Bar No.: 29181
Tydings & Rosenberg LLP
1 East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel: (410) 752-9700
Email: rcostella@tydings.com
jselba@tydings.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June 2024, I verified that a copy of the foregoing *Motion* will be served **via the Court's ECF filing system** on the following:

**Notice Parties:**

- Office of the United States Trustee, c/o Katherine A. Levin, Esq., Katherine.A.Levin@usdoj.gov
- J. Paul Builders, LLC, c/o Brent C. Strickland, Esq., bstrickland@whitefordlaw.com
- WCP Fund I, LLC, c/o Maurice Belmont VerStandig, Esq., mac@mbvesq.com
- A. Perry Builders, LLC, c/o Robert H. Kline, Esq., kliner@whiteandwilliams.com
- Miles & Stockbridge, P.C., c/o Patricia B. Jefferson, Esq. pjefferson@milesstockbridge.com
- Bravas, LLC, c/o Jeffrey Louis Forman, Esq., forman@comcast.net,

                                                     /s/ Joseph Selba
                                                     Joseph Selba