**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **CTLC, LLC** | * | **Case No. 23-15444-DER** |
| | | **(Chapter 11)** |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEBTOR'S CONFIRMATION HEARING MEMORANDUM**

CTLC, LLC, Debtor and Debtor-in-Possession ("Debtor"), hereby submits this memorandum in support of confirmation of its *Amended Chapter 11 Plan* [ECF 126] (the "Plan").

As specifically set forth below, the Plan complies with the applicable provisions of Section 1129(a)[1], other than paragraph (8). Thus, pursuant to Section 1129(b), the Court shall confirm the Plan if it does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. The Plan is compliant with those requirements. Accordingly, the Debtor requests confirmation of the Plan.

The Debtor addresses the statutory requirements as follows:

(i) Section 1129(a)(1) – Plan complies with Bankruptcy Code

In addition to the referenced provisions of Section 1129(a) discussed infra, the Debtor submits that the Plan complies with the applicable provisions of the Bankruptcy Code, including:

---

[1] Unless otherwise noted, all statutory references herein are to Title 11 of the United States Code (the "Bankruptcy Code") or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

1

Section 1122

(a) Section 1122 (Classification of Claims) – The Debtor submits that the Plan properly classifies claims, with placement of claims only with those substantially similar in common priority and legal rights. *See* Article II of the Plan.

Section 1123

(b) Section 1123(a)(1) (Designation of Classes of Claims) – The Debtor submits that the Plan properly designates classes of claims based on valid business, factual and legal reasons. *See* Article II of the Plan.

(c) Section 1123(a)(2) (Specification of Unimpaired Classes) – The Debtor submits that the Plan properly specifies unimpaired classes; namely, Classes I, II, and III are designates as unimpaired. *See* Articles II and III of the Plan.

(d) Section 1123(a)(3) (Specification of Impaired Classes) – The Debtor submits that the Plan properly specifies impaired classes; namely, Classes IV, V, and VI. *See* Articles II and III of the Plan.

(e) Section 1123(a)(4) (Same Treatment within Classes) – The Debtor submits that the Plan provides for the same treatment for each claim or interest of a particular class. *See* Article III of the Plan.

(f) Section 1123(a)(5) (Means for Implementation) – The Debtor submits that the Plan provides adequate means for implementation, including the liquidation of the Debtor's real property, use of cash reserves, and contributions from the Plan Proponents. *See* Article IV of the Plan.

(g) Section 1123(a)(6) (Voting Equity Securities Provisions) – This provision does not apply to the Debtor's Plan.

      (h) Section 1123(a)(7) (Selection of Post-Confirmation Officers) – This provision does not apply to the Debtor's Plan.

      (i) Section 1123(a)(8) (Individual Debtor Income Contributions) – This provision does not apply to the Debtor's Plan.

    (ii)    <u>Section 1129(a)(2) – Plan proponent complies with Bankruptcy Code</u>

The Debtor submits that it has complied with the applicable provisions of the Bankruptcy Code. The Plan itself and the record before the Court substantiates the Debtor's compliance.

    (iii)    <u>Section 1129(a)(3) – Plan proposed in good faith and not means forbidden by law</u>

The Debtor submits that it has proposed the Plan in good faith and not by any means forbidden by law. The Plan itself and the record before the Court substantiates the Debtor's compliance. And, specifically in regard to the disclosure and solicitation requirements under Sections 1125 and 1126. *See* Certificate of Service of Plan documents (ECF 137) and the Tally of Ballots filed contemporaneously herewith.

    (iv)    <u>Section 1129(a)(4) – Payments to professionals are subject to Court Approval</u>

Payments for services, costs and expenses in or in connection with the Debtor's case, or in connection with the Plan and incident to the cases are subject to the approval of the Court. *See* Article VIII, Paragraphs 8.1 and 8.8 of the Plan.

    (v)    <u>Section 1129(a)(5) – Disclosure of Officers and Compensation of Insiders</u>

As disclosed in the Debtor's filed Schedules and Statements of Financial Affairs (ECF 13), and as will be confirmed by testimony at the confirmation hearing on August 14, 2024, the Debtor's sole member/owner is Sandra Grier. Ms. Grier will perform the necessary duties to execute the Plan. No compensation will be received by Ms. Grier.

(vi)    <u>Section 1129(a)(6) – Governmental approval of rate changes in the Plan</u>

This provision does not apply to the Debtor's Plan.

(vii)    <u>Section 1129(a)(7) – Liquidation Analysis for Impaired, Non-Accepting Classes</u>

The Plan provides for the liquidation of the Debtor's assets.  *See* Articles III and IV of the Plan.  Accordingly, the terms of the Plan provide that each impaired will receive under the Plan on account of such claim value that is not less than the amount that such holder would so receive if the Debtor were liquidated under Chapter 7 on the effective date of the Plan.

(viii)    <u>Section 1129(a)(8) – Acceptance by All Impaired Classes</u>

The Debtor seeks "cramdown" confirmation pursuant to 1129(b) and, thus, this provision does not need to be satisfied for confirmation of the Debtor's Plan.

(ix)    <u>Section 1129(a)(9)(A) – Payment of administrative claims</u>

Subject to court approval, administrative claims are to be paid upon the Effective Date (or upon allowance if later).  *See* Article III, Paragraph 3.1 of the Plan.  Debtor's counsel is the only known administrative claimant and is holding a prepetition retainer to apply towards approved compensation and reimbursement of expenses.

(x)    <u>Section 1129(a)(9)(B) – Payment of certain priority claims</u>

This provision does not apply to the Debtor's Plan because there are no liabilities for domestic support, wages, employees, grain/fisherman, or security deposits (as referenced to by Sections 507(a)(1),(4),(5),(6), or (7)).

(xi)    <u>Section 1129(a)(9)(C) & (D) – Payment of priority tax liabilities</u>

The Plan provides for payment in full of the priority tax liabilities specified in Section 507(a)(8).  *See* Article III, Paragraphs 3.3 of the Plan.

4

(xii)  Section 1129(a)(10) – Acceptance by Impaired Class Other Than Insiders

The Debtor's secured lienholders and general unsecured creditors are all impaired under Classes IV, V, and VI of the Plan, respectively. *See* Article III of the Plan. Classes V and VI have both accepted the Plan, without vote by any insider. *See* Tally of Ballots filed contemporaneously herewith.

(xiii)  Section 1129(a)(11) – Subsequent liquidation or reorganization concern

The Debtor's Plan is a liquidating plan. Thus, the Debtor submit that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan, *except as proposed in the Plan*.

(xiv)  Section 1129(a)(12) – Payment of Bankruptcy Court fees and U.S. Trustee fees

The Debtor has paid all filing fees in their cases, and there are no other fees owed to the Bankruptcy Court by the Debtor. The Debtor has paid all fees owed to the United States Trustee or will do so upon the Effective Date.

(xv)  Section 1129(a)(13) – Retiree benefits

This provision does not apply to the Debtor's Plan.

(xvi)  Section 1129(a)(14) – Future domestic support obligations

This provision does not apply to the Debtor's Plan.

(xvii)  Section 1129(a)(15) – Individual debtor's disposable income

This provision does not apply to the Debtor's Plan.

(xviii)  Section 1129(a)(16) – Property transfers in accordance with applicable law

The Debtor submit that all transfers of property under the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of

property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

(xix) <u>"Fair and Equitable" requirement for Section 1129(b)</u>

The Debtor submits that the Plan is fair and equitable with respect to each impaired, non-accepting class, in compliance with the requirements of Section 1129(b)(2), as follows:

(a) As to secured claims, Class IV is the only impaired, non-accepting class. Class IV consists of a consensual lien that is to be paid in full upon the sale of the Debtor's property by which it is secured. *See* Article III, Paragraph 3.4 of the Plan. Thus, 1129(b)(2)(A) is satisfied.

(b) As to unsecured claims, Class VI is the only impaired class and has accepted the Plan. *See* Tally of Ballots filed contemporaneously herewith. Thus, 1129(b)(2)(B) does not apply.

Date: <u>August 7, 2024</u>                             Respectfully Submitted,

/s/ Joseph M. Selba
Joseph M. Selba, Fed. Bar No. 29181
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Tel.: 410-752-9753
Email: jselba@tydings.com
*Attorneys for Debtor*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of August 2024, I verified that a copy of the foregoing *Confirmation Hearing Memorandum* is to be sent via the Court's CM/ECF notification system on:

**Notice Parties:**

- Office of the United States Trustee, c/o Katherine A. Levin, Esq., Katherine.A.Levin@usdoj.gov
- J. Paul Builders, LLC, c/o Brent C. Strickland, Esq., bstrickland@whitefordlaw.com
- WCP Fund I, LLC, c/o Maurice Belmont VerStandig, Esq., mac@mbvesq.com
- A. Perry Builders, LLC, c/o Robert H. Kline, Esq., kliner@whiteandwilliams.com
- Miles & Stockbridge, P.C., c/o Patricia B. Jefferson, Esq. pjefferson@milesstockbridge.com
- Bravas, LLC, c/o Jeffrey Louis Forman, Esq., forman@comcast.net,

/s/ Joseph M. Selba
Joseph M. Selba