IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| IN RE: | * |
| CTLC, LLC | *   Case No.: 23-15444-DER |
| | (Chapter 11) |
| Debtor. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AND FINAL APPLICATION BY TYDINGS & ROSENBERG LLP,
AS COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Tydings & Rosenberg LLP ("T&R" or the "Applicant"), counsel for CTLC, LLC (the "Debtor"), hereby submits this first and final application for an allowance of compensation of attorneys' fees for professional services rendered to the Debtor and for reimbursement for actual and necessary costs incurred during the period beginning on August 2, 2023 and ending August 15, 2024 (the "Application Period"), pursuant to §§ 327, 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the amount of <u>Seventy Thousand, Three Hundred Ninety-Four Dollars ($70,394.00)</u>, *after billing reductions of approximately 10% between $4,005 written off internally and a further billing judgment discount of $5,000.00 as set forth in this application*, and reimbursements for out of pocket expenses in the amount of <u>One Thousand, Four Hundred Forty-Nine Dollars ad Thirty-Five Cents ($1,449.35)</u>.  In support hereof, T&R states as follows:

**Jurisdiction**

1.     This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157 and Local District Court Rule 402.  This application is a core proceeding within the meaning of 28 U.S.C. § 157. Venue lies properly in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

6102466.3

**Background**

2.      On August 2, 2023 (the "Petition Date") the Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

3.      On August 15, 2023, the Debtor filed an application to employ T&R as its counsel in this proceeding (the "Application") (ECF 12).  On October 18, 2023, this Court entered an Order employing T&R as the Debtor's counsel (ECF 27).

4.      The representation of the Debtor during the Application Period has primarily been performed by five T&R attorneys, consisting of two partners and three associates from the firm's bankruptcy department, as well one paralegal.

5.      Richard L. Costella and Joseph M. Selba have had primary responsibility for all matters related to this bankruptcy case, including but not limited to: (i) addressing administrative matters and interacting with creditors and the U.S. Trustee, (ii) litigating contested matters, including research and drafting of pleadings, and (iii) negotiating and drafting of the Debtor's chapter 11 plan and prosecuting same through the confirmation hearing.

6.      The total hours spent in this case through August 15, 2024 for which T&R seeks compensation, the hourly rates for each attorney or paralegal and the resulting fee amount is as follows:

| Name | Position | Time | Hourly Rate | Fees Earned |
|---|---|---|---|---|
| Joseph M. Selba | Partner | 77.40 | $450 | $ 34,830.00 |
| Richard L. Costella | Partner | 68.30 | $450 | $ 30,735.00 |
| Tim R. VanCisin | Associate | 8.40 | $350 | $ 2,940.00 |
| Brianna G. Pickhardt | Associate | 2.80 | $350 | $ 980.00 |
| Jung Lee | Associate | 7.30 | $350 | $ 2,555.00 |
| Susan Broderick | Paralegal | 15.60 | $215 | $ 3,354.00 |
| | | | **TOTAL** | **$ 75,394.00** |

6102466.3

7. After writing off approximately $4,005.00 internally, T&R has applied a further billing judgment discount of $5,000.00 in submitting this application, reducing the total fees claimed to $70,394.00.

8. T&R provided a broad range of services to the Debtor during the Application Period. All of these activities were undertaken specifically to represent the interests of the Debtor in the Chapter 11 proceeding.

9. On August 15, 2024 (the Confirmation Date), the Court entered an Order (ECF 147) confirming the Debtor's Amended Chapter 11 Plan (ECF 126).

## Legal Standard for Awarding Compensation

10. The legal standard for awarding compensation is set forth by the Bankruptcy Code. Bankruptcy Rule 2016 and the Compensation Guidelines set the format for fee applications for Professionals in the United States Bankruptcy Court for the District of Maryland (the "Guidelines").

11. Under § 330(a)(1) of the Code, the Court may award attorneys for the estate reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such attorneys based upon the nature, extent and value of the services rendered, time spent on such services, and the cost of comparable services other than in a bankruptcy case. The Court may also award reimbursement for actual, necessary expenses.

12. The expenses incurred by T&R as set forth herein, include reasonable and necessary charges for services such as photocopying, telecopying, long distance telephone and messenger services. All of these expenses have been charged in compliance with the standards set forth in the Guidelines. Delivery charges were only utilized when circumstances required prompt delivery.

13. Courts frequently look to the "lodestar" formula in assessing attorneys' fees. Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See* e.g., *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D. D.C. 1983), *aff'd in part rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985).

14. Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the *Johnson* factors (a) and (e) as set forth below, and then adjust the fee on the basis of the remaining *Johnson* factors. The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill requisite to perform the legal service properly;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

6102466.3

4

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber* 577 F.2d at 226 n.28; *Anderson*, 658 F.2d at 248 n.2.

15. In *In re Bernard Hill*, 133 B.R. 61 (Bankr. D. Md. 1991), the United States Bankruptcy Court for the District of Maryland supplemented the general lodestar principals by establishing ten "cardinal rules" with which fee applications should comply:

(a) Fee applications must make sense;

(b) Fee applications must indicate what work was performed, when it was performed and how much money is being charged for performing it;

(c) Services rendered should be reported in several broad, general categories;

(d) Fee applications must contain a "lodestar" analysis;

(e) Fee applications must indicate how much in time and money was "written off" in the exercise of billing judgment;

(f) Numbers must add up;

(g) The names of the individuals who rendered services, together with their hourly rates and years of experience, must be disclosed;

(h) Time records must be submitted with the fee application;

(i) Out-of-pocket expenses for which reimbursement is sought must be set forth in the application; and

6102466.3

  (j)  When more than one professional or firm of professionals is appointed to represent or furnish similar services to a debtor, the fee application(s) must indicate a clear division of labor and non-duplicative effort.

16. As set forth in the Guidelines, your Applicant has broken down the services rendered and charges assessed by general categories reflecting the substantive type of services performed. During the period covered by this fee application, T&R has utilized a three-category breakdown of its services as follows:

  (a)  Administration;

  (b)  Litigation; and

  (c)  Plan & Disclosure Statement.

Although T&R has endeavored to place all time entries into the respective categories indicated above, it should be recognized that often one activity would encompass more than one category. In those instances, T&R has attempted to place that time entry into the category that represents the most dominant purpose of the services rendered. No time entries appear in more than one category.

## Itemization of Services Rendered and Disbursements Made by Service Category

17. The following itemization breaks down by the services rendered by T&R by the service categories, and provides an aggregation of disbursements.

The following services were rendered in the following service categories:

| | |
|---|---:|
| Category No. 1 – Administration | $ 19,435.00 |
| Category No. 2 – Litigation | $ 34,404.00 |
| Category No. 3 – Plan & Disclosure Statement | $ 21,555.00 |
| **TOTAL** | **$ 75,394.00** |
| **(additional billing judgment discount)** | **(5,000.00)** |
| Fees Claimed: | $ 70,394.00 |

6102466.3

6

A detailed itemization of the services rendered in each of the project categories is set forth in **Exhibits A, B,** and **C**. A general description of the services rendered in each of the above project categories are provided below:

### Administrative Matters

18. T&R prepared and filed the Application to Employ Applicant (the "T&R Application") as counsel for the Debtor, as well as the Reply to the opposition to the T&R Application.

19. T&R assisted the Debtor regarding its compliance requirements, including insurance coverage, monthly operating reports, and quarterly United States Trustee fees.

20. T&R assisted the Debtor in preparing and amended the requires schedules and statements in a Chapter 11 proceedings.

21. T&R participated in a number of conference calls with the Debtor regarding the Debtor's finances.

22. T&R attended the initial debtor interview with the Office of the United States Trustee.

23. T&R represented the Debtor at the meeting of creditors.

24. T&R compiled and filed the Debtor's monthly operating reports.

25. T&R prepared and filed the Application to Employ Real Estate Broker (the "Broker Application").

26. T&R prepared this application to request an allowance of fees and expenses incurred in representing the Debtor.

**Litigation Matters**

27. T&R reviewed and analyzed matters involving Creditor J. Paul Builders LLC's ("J. Paul") Motion for Entry of Order Modifying the Automatic Stay ("Motion for Relief from Stay") (ECF 21) of a separate litigation between J. Paul and the Debtor (the "J. Paul Claim").

28. T&R reviewed and analyzed matters regarding A. Perry Builders, LLC's ("A. Perry") demand for discovery in the J. Paul Claim.

29. T&R analyzed matters and drafted pertinent subpoenas regarding A. Perry's violation of the automatic stay as to the J. Paul Claim.

30. T&R conferred with co-counsel and analyzed potential counterclaims that could be brought within State court as well as the Federal bankruptcy proceedings.

31. T&R conferred with counsel for J. Paul regarding A. Perry's litigation and lien disputes.

32. T&R drafted and filed the opposition to J. Paul's Motion for Relief from Stay.

33. T&R reviewed and analyzed Creditor WCP Fund I LLC's ("WCP") Rule 2004 Examination Motion for the examination of 4D Associates, LLC ("4DA") concerning allegations of financial transactions between the Debtor and 4DA.

34. T&R drafted and filed a consent Motion to Extend the Stay of the J. Paul Claim ("Motion to Extend the Stay")

35. T&R reviewed and analyzed objections to the Motion to Extend the Stay.

36. T&R reviewed and analyzed J. Paul's Motion to Convert Case to Chapter 7 or Appoint Chapter 11 Trustee ("Motion to Convert").

37. T&R drafted and filed the Opposition to the Motion to Convert.

38. T&R held multiple conferences with opposing counsel regarding discovery, document production, and depositions.

39. T&R negotiated consensual resolution of Creditor A.Perry's claim filing disputes.

**Plan & Disclosure Statement**

40. T&R conferred with co-counsel regarding terms of the Chapter 11 Plan.

41. T&R assisted the Debtor in drafting and filing the Chapter 11 Plan.

42. T&R drafted and filed a Motion to Extend Exclusivity Periods.

43. T&R assisted the Debtor in drafting and filing the Disclosure Statement; analyzed and advised the Debtor in regard to the objection filed to the Disclosure Statement; and negotiated and draft a stipulation resolving the objection.

44. T&R prepared the Debtors and its agents for hearings on the Disclosure Statements and Chapter 11 Plan.

45. T&R prepared ballots and tally of ballots for the Chapter 11 Plan.

46. T&R engaged in extensive negotiations with creditors' counsel regarding the Debtor's Chapter 11 Plan terms.

47. T&R analyzed and advised the Debtor with respect to numerous objection to confirmation of the Debtor's Chapter 11 Plan.

48. T&R prepared and filed status reports to the Court regarding status of seeking confirmation of the Debtor's Chapter 11 Plan.

49. T&R assisted the Debtor in amending the Chapter 11 Plan and preparing the Confidential Plan Supplement document..

50. T&R represented the Debtor at status hearing and ultimately the confirmation hearing.

6102466.3

**Disbursements Made**

51. The disbursements of Tydings & Rosenberg LLP for the instant application are as follows:

| | |
|---|---:|
| Filings fees | $32.00 |
| Photocopies (including outside copy services) | $1,402.25 |
| Pacer charges | $15.10 |
| **TOTAL** | **$1,449.35** |

**Total Services Rendered and Disbursements**

42. The total services rendered and disbursements made are as follows:

| | |
|---|---:|
| Total services (after $5,000 discount) | $70,394.00 |
| Total disbursements | $1,449.35 |
| **GRAND TOTAL** | **$71,843.35** |

### LODESTAR ANALYSIS

43. The legal standards for approval of compensation require counsel to provide an analysis that applies the legal standards to the services rendered and disbursements made. T&R submits the following lodestar analysis in support of its request for allowance of fees and disbursements:

(a) <u>The time and labor required</u>. The amount of time required to represent the Debtor during the Application Period was extensive due to the need to deal with a number of complex matters related to litigation matters that were ongoing prior to and during the pendency of the Debtor's Chapter 11 case, and ultimately facilitating a consensual resolution of competing creditors' objections.

(b) <u>Novelty and difficulty of the questions</u>. This case has presented several unusual and complex issues in connection with multiple litigation matters and the nature of the Debtor's real property.

6102466.3

10

(c) <u>The skill requisite to perform the legal service properly</u>.  T&R has adeptly exercised the skill required to perform these services properly.

(d) <u>The preclusion of other employment by the firm due to acceptance of this case</u>.  Although T&R has not had to turn away other work because of this case, it was required to work on this case in lieu of working on other cases at various stages of this bankruptcy proceeding.

(e) <u>The customary fee for similar work</u>.  T&R submits that the fees sought herein are warranted, and are generally less than competitor fees in the Baltimore/Washington legal market for firms with comparable practices.

(f) <u>Whether the fee is fixed or contingent</u>.  Pursuant to the Code, all fees sought by professionals retained by the Debtor are subject to approval of this Court.

(g) <u>Time limitations imposed by the client or circumstances</u>.  Because of the peculiarities of the Debtor's real property with its size, complex nature, and the condition it was left in at as of the Petition Date and will be sold in, the sale process required extensions to maximize the value to ensure creditors would fully realize their due returns.

(h) <u>The amounts involved and the results obtained</u>.  The Debtor's Chapter 11 Plan has been confirmed and projects for a full repayment to creditors.  T&R assisted the Debtor in consensually resolving numerous objections and efforts to dismiss the Debtor's case or convert it to Chapter 7.

(i) <u>Experience, reputation and ability of the attorneys</u>.  Richard L Costella has been practicing bankruptcy law for 25 years after having clerked for a Bankruptcy Judge.  Joseph M. Selba is an experienced bankruptcy practitioner who has previously represented debtors, trustees, and creditors in all aspects of bankruptcy and commercial litigation proceedings, and

specialized in bankruptcy law for 15 years. Collectively, these attorneys' reputations are well established in the Baltimore/Washington metropolitan area as effective practitioners.

(j) <u>The "undesirability" of the case</u>. This case cannot be said to be undesirable.

(k) <u>The nature and length of the firm's professional relationship with the client</u>. The Debtor initially contacted T&R in July 2023 requesting services regarding the Debtor's Chapter 11 filing.

(l) <u>Awards made in similar cases</u>. T&R submits that its request for compensation is well within the usual and customary awards granted in similar cases.

60. In addition to the Johnson factors discussed above, T&R submits that this application satisfies the ten cardinal rules required by <u>Bernard Hill</u>:

(a) The Application makes sense as it is structured to convey the information contained herein in an understandable and consistent manner.

(b) The Application contains dates and categories of work that reflect what work was performed and when it was performed. Further, the attached exhibits contain more detail on each specific item billed, the date the work was performed and exactly how much money is being charged for performing it.

(c) The Application contains several broad and general categories of work performed and substantiation for the work.

(d) The Application contains a lodestar analysis.

(e) T&R has voluntarily written off internally approximately $4,005.00 in the exercise of its billing judgment. Furthermore, T&R has applied a billing judgment discount of $5,000.00 to this application.

(f) The breakdown of services and disbursements adds up.

6102466.3

  (g)  The names of the individuals who rendered services, together with their hourly rates, have been disclosed. The experience of the partners in charge has been set out therein.

  (h)  A complete printout of detailed time records has been submitted with the application.

  (i)  Disbursements for out-of-pocket expenses have been set forth in the application.

  (j)  The application does not contain any bill for any other firm or professionals other than T&R.

  (k)  Each professional at T&R has his or her services set forth independently in the exhibits.

## CONCLUSION

Tydings & Rosenberg LLP seeks allowance and authorization for payment of fees in the amount of <u>Seventy Thousand, Three Hundred Ninety-Four Dollars ($70,394.00)</u>, and reimbursements for out-of-pocket expenses in the amount of <u>One Thousand, Four Hundred Forty-Nine Dollars ad Thirty-Five Cents ($1,449.35)</u>.

After application of the prepetition retainer balance of $40,202.00, the outstanding balance to be paid as administrative expense by the Debtor will be $31,641.35.

WHEREFORE, Tydings & Rosenberg LLP respectfully requests that this Court enter an Order:

  (a)  Allowing and authorizing for payment to Tydings & Rosenberg LLP, fees in the amount of <u>Seventy Thousand, Three Hundred Ninety-Four Dollars ($70,394.00)</u>;

6102466.3

13

   (b) Allowing and authorizing for payment to Tydings & Rosenberg LLP, reimbursement for out-of-pocket expenses in the amount of <u>One Thousand, Four Hundred Forty-Nine Dollars ad Thirty-Five Cents ($1,449.35)</u>;

   (c) Allowing said fees and expenses as a cost and expense of administration; and

   (d) Granting such other relief as is just and equitable.

         <u>/s/ Joseph M. Selba</u>
         Richard L. Costella, Bar No. 14095
         Joseph M. Selba, Bar No. 29181
         Tydings & Rosenberg LLP
         1 East Pratt Street, Suite 901
         Baltimore, Maryland 21202
         Tel.: (410) 752-9753
         Email:  rcostella@tydings.com
         Email:  jselba@tydings.com
         *Counsel for the Debtor*