IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | Case No. 23-15444-DER |
| | ) | (Chapter 11) |
| CTLC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OPPOSITION TO MOTION TO EXTEND TIME**

Comes now WCP Fund I LLC as servicer for Pacific RBLF Funding Trust ("WCP"), a creditor herein, in opposition to the Motion to Extend Time (the "Motion," as found at DE #159) filed by CTLC, LLC ("CTLC" or the "Debtor"), and states as follows:

The Debtor has had more than 16 months, post-petition, to sell CTLC's lone notable asset: the house situated at 15125 Devlin Drive (the "Property"). This is in addition to all the time the Debtor was afforded pre-petition. Yet, somehow, the Property is not now—and never has been—on the multiple listing service (the "MLS"). There is no "for sale" sign in the yard. And the grand total of the Debtor's efforts appears to have been maintenance of a low-caliber whisper campaign through which some people *might* have learned that a house is theoretically for sale.

All the while, WCP—a secured lender that extended credit on six month repayment terms almost three years ago—is without its capital and without access to its collateral. The same restrictions have, too, impacted other creditors, including the holder of a mechanic's lien that is yet to be paid for its work.

Still, WCP and the other creditors herein gave the Debtor time and space, affording the benefit of the doubt that this was a good faith chapter 11 proceeding. And so, in August 2024, this Honorable Court confirmed a plan of reorganization (the "Plan") that furnishes the Debtor with a finite period of time (the precise nature of which remains sealed) to sell the Property and pay

1

creditors in full. *See* Confirmation Order, DE #147. In so doing, a then-pending motion to convert was denied. *See* Order Denying Motion to Convert, DE #148. And, thus, the Debtor was given the time it sought, and the opportunity for which it petitioned, to try to sell the Property—after already having a full year to do so between the petition date and the plan confirmation date.

That the Debtor has utterly failed to do so comes as only confirmation of the most cynical suspicions afoot since this case's incipiency. CTLC feigns to be trying to sell a piece of residential property yet has kept the asset off the MLS. CTLC feigns to be interested in finding a buyer but, as best WCP can tell, has never put a "for sale" sign in the yard. CTLC has priced the Property at a sum that is seemingly at odds with market realities. And CTLC has, throughout, clung tightly to the automatic stay, so as to stop creditors from seeking recourse against the collateral they are otherwise entitled to liquidate.

The Plan contains a clear bargain: creditors will give the Debtor a fixed period of time to sell the Property and, should such efforts be to no avail, WCP will then have relief from the automatic stay. *See* Plan, DE #126, at § 3.4. Now that the Debtor has failed (or is close to failing) to sell the asset within the specified time period,[1] CTLC is seeking a second bite at the proverbial apple (and reserving its right to later seek a third bite too). This is simply not what was bargained for and is altogether improper. And the Debtor has most certainly not established the "good cause" requisite to warrant such an extension. Plan, DE #126, at ¶ 1.23.

To be sure, if CTLC came to this Honorable Court, with a bona fide third party contract in hand, holding an earnest money deposit of appropriate size, and insisting a modest extension of time is needed to facilitate a closing, such may well be fair and equitable in the prism of the Plan. Even if CTLC came to this Honorable Court and showed that actual written offers have been

---

[1] Careful efforts are made to not reveal the confidential deadline in this public filing.

received and are being negotiated, such might equate to good cause. Perhaps even if CTLC appeared and showed that the asset's price has been strategically dropped in accord with market realities, coupled with input from open houses and specific showings, such could theoretically equate to good cause depending on the idiosyncratic facts. But none of these scenarios are instantly afoot. Rather, the Debtor has done the bare minimum—if that—to market the Property, has not received so much as a single actual offer to purchase the Property, is now relying on a report that suggests the market will not be suitable for another half year, DE #159-1 at p. 2, and is asking creditors to continue to stand idly by as their capital is held at bay and their foreclosure rights are stymied.

      For these reasons, WCP respectfully prays the Motion be denied, and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 22, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

*[Certificate of Service on Following Page]*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of December, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

- Richard L. Costella    rcostella@tydings.com, scalloway@tydings.com
- Jeffrey Louis Forman    forman@comcast.net, forman3@yahoo.com;jeff.forman@gmail.com
- Patricia B. Jefferson    pjefferson@milesstockbridge.com
- Robert H. Kline    kliner@whiteandwilliams.com
- Eric George Korphage    korphagee@whiteandwilliams.com
- Katherine A. (UST) Levin    Katherine.A.Levin@usdoj.gov, amy.busch@usdoj.gov
- Joseph Michael Selba    JSelba@tydingslaw.com, jselba@tydings.com
- Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com;brent-strickland-3227@ecf.pacerpro.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
- Maurice Belmont VerStandig    mac@mbvesq.com, lisa@mbvesq.com;mahlon@dcbankruptcy.com;mac@dcbankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

                                                                           /s/ Maurice B. VerStandig
                                                                           Maurice B. VerStandig