IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In re:<br><br>    CTLC, LLC,<br><br>                  Debtor. | Chapter 11<br>Case No. 23-15444-DER |

**OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING
SECURED FINANCING TO SATISFY SECURED CLAIMS
AND UNDISPUTED UNSECURED CLAIMS**

J. Paul Builders, LLC ("J. Paul"), by and through its counsel, files this objection (the "Objection") to the *Motion for Entry of Order Authorizing Secured Financing to Satisfy Secured Claims and Undisputed Unsecured Claims* [Docket No. 168] (the "Financing Motion") filed by CTLC, LLC (the "Debtor"), and states as follows:

**BACKGROUND**

1. On August 2, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court").

2. The Debtor's primary asset is a custom home site located in Glenelg, Maryland and a partially completed custom home thereon (the "Property").

3. J. Paul holds a secured claim in the approximate amount of $1.45 million resulting from a final mechanic's lien against the Property, and also an unsecured claim in the amount of $1,172,108.39.

4. On August 15, 2024, the Court entered an Order Confirming the Debtor's Chapter 11 Plan (the "Plan"). [Docket No. 147].

5. Pursuant to the Plan, the deadline for the Debtor to complete a sale of the Property was December 31, 2024. This was a negotiated deadline, and the Debtor agreed that if that deadline was not met, the Plan required that the Property be sold through an auction process.

6. Thereafter, the Debtor sought to extend the December 31, 2024 sale deadline. Pursuant to a Consent Order Resolving Motion to Extend Time entered on January 23, 2025, the sale deadline was extended to March 1, 2025. Pursuant to the Consent Order, if there is not a confirmed contract for the sale of the Property by March 1, 2025, the auction process is to immediately commence.

7. By the Financing Motion, the Debtor seeks authority to obtain a new loan in the amount of $3.25 million and to use some of the loan proceeds to pay all secured claims and certain undisputed unsecured claims in full. To the extent that the Financing Motion seeks to extend the March 1, 2025 sale deadline, it should be denied.

8. The Financing Motion does not include a commitment letter or any of the proposed loan documents, so creditors and the Court are unable to make an assessment of whether this is an actual and viable loan proposal.

9. This is critical because the Debtor has little or no funds in its operating account, and the Debtor's monthly operating reports demonstrate that the Debtor has no income of any kind. The terms set forth in the Financing Motion indicate that the Debtor will pay closing related costs of $178,750. Moreover, interest payments under the proposed loan would be $40,625 per month.[1] Presumably the lender would require an interest reserve to fund these payments; if that is not the case, the Debtor would likely default on the first payment due on the loan since it has no cash on hand or income. If the interest reserve is for the full twelve- (12-) month term of the loan, that

---

[1] The proposed interest rate is unclear. There is a reference to 15% interest and also a rate of 15.5% in the Financing Motion.

equates to an additional $487,500 to be paid to the lender at closing. Other material terms, such as events of default, are also not disclosed.

10. Despite the onerous terms of the proposed loan, J. Paul does not object to the Debtor taking on a new loan to pay secured claims in full, provided that such loan close prior to March 1, 2025, and secured creditors are paid in full by that date.

11. J. Paul does object to the payment of undisputed unsecured claims from the loan proceeds. No distributions to unsecured creditors should be made until all unsecured claims have been determined so that all unsecured creditors receive their pro rata share of available funds. There is no basis to prefer some claims over others unless it can be demonstrated that all unsecured creditors will be paid in full.

WHEREFORE, J. Paul respectfully requests that this Court: (i) sustain this Objection; (ii) deny the Financing Motion; and (iii) grant such other and further relief as may be just.

Respectfully submitted,

*/s/ Brent C. Strickland*
Brent C. Strickland, Esquire (Bar No. 22704)
Whiteford, Taylor & Preston L.L.P.
8830 Stanford Boulevard, Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to J. Paul Builders, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on February 21, 2025, I served a copy of the foregoing via CM/ECF on all parties receiving notice pursuant to the Court's electronic noticing system.

                                                */s/ Brent C. Strickland*
                                                Brent C. Strickland