IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CTLC, LLC, | ) | Case No. 23-15444 (DER) |
| | ) | Chapter 11 |
| Debtor. | ) | |
| _____ | ) | |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING SECURED FINANCING TO SATISFY SECURED CLAIMS AND UNDISPUTED, UNSECURED CLAIMS**

Now comes A. Perry Builds & Design, P.C. ("A. Perry"), a creditor herein, in opposition to the Motion for the entry of an order authorizing the Debtor to incur financing to satisfy all secured claims and all undisputed, unsecured claims (the "Motion," as found at DE #168) filed by CTLC, LLC ("CTLC" or the "Debtor"), and states as follows:

On August 2, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy code and continues in the possession of its property and management of its business as a debtor-in-possession. (DE #1). On August 15, 2024, the Court confirmed the Debtor's Plan. (DE #126). Section 4.1 of the Plan provided the Debtor's primary asset, the real property situated at 15125 Devlin Drive, Glenelg, Maryland 21737 (the "Property"), to be sold by the Sale Deadline. (DE #126). Debtor, after 16-months of little effort to market or otherwise attract buyers, sought an extension to the Sale Deadline. (DE #159).

On January 23, 2025, the Court entered a Consent Order (the "Consent Order") extending the Sale Deadline to March 1, 2025. (DE # 165). The extension of the Sale Deadline granted in the Consent Order was conditioned on Debtor, by February 1, 2025, either (a) entering into a bona fide contract for sale with a non-insider or (b) fully list the Property on the MLS. (DE # 165). The

Consent Order further ordered that "upon lapsing of the Sale Deadline, the Real Property shall be auctioned in accordance with the Plan without further order of the Court…" (DE # 165). The Debtor did neither.

Instead, on February 7, 2025, Debtor filed this motion for an entry of an order authorizing the Debtor to finance and satisfy all secured claims and all undisputed, unsecured claims (DE #168). The Debtor has had more than 18 months to follow the Plan it purposed and attempt to sell the Property. The Debtor has demonstrably failed to do so. Now, Debtor is attempting to circumvent the Plan and Consent Order by seeking authorization to take on a $3,250,000 loan to satisfy only some of the claims against Debtor.

Essentially, the Debtor is seeking to finance its indebtedness which is the basis for its bankruptcy. Granting the Debtor's motion will reward Debtor for its delay tactics and outright defiance of this Court's order with respect to the Consent Order and Sale Deadline. More importantly, the proposal will not satisfy all claims against the Debtor and will certainly prejudice the claims and interest of the unsatisfied parties.

Currently pending in the District Court of Maryland (the "District Court Action") is a copyright infringement case involving A. Perry, J. Paul Builders, LLC ("J. Paul"), an undisputed, secured and disputed, unsecured claimant herein, and the Debtor.[1] A. Perry's and J. Paul's disputed, unsecured claims will be substantially prejudiced if the Court grants Debtor's motion to finance and satisfy all secured claims and all undisputed, unsecured claims. The partial satisfaction of J. Paul's claims and the loan incurred by Debtor will negatively impact A. Perry's ability to recover in the District Court Action. While A. Perry prays for the Motion to be denied outright, in

---

[1] *A. Perry Designs & Builds, P.C. v. J. Paul Builders, LLC, et. al.*, Civil Action No.: 1:23-cv-00828-JRR.

18440579.5

the event the Court grants the Motion, at the very least the money coming into the Debtor through this line of financing should be placed in escrow pending resolution of the District Court Action.

WHEREFORE, for reasons stated above, A. Perry respectfully prays the Motion be denied, and for such other and further relief as may be just and proper.

Dated: February 21, 2025

Respectfully submitted,

*/s/ Andrés J. Gallegos II*
　　Andrés J. Gallegos II

Robert H. Kline, Bar No. 20802
White and Williams, LLP
600 Washington Ave., Ste. 303
Towson, Maryland, 21204
443-761-6500
443-461-6519 (fax)
gillissd@whiteandwilliams.com
kliner@whiteandwilliams.com

Ryan T. Johnson (*pro hac vice*)
Andrés Gallegos II (*pro hac vice*)
Hahn Loeser & Park, LLP
200 W. Madison, Ste. 2700
Chicago, IL 60606
(312) 637-3000
rjohnson@hahnlaw.com
agallegosii@hahnlaw.com

*Counsel for A. Perry Builds & Design, P.C.*

18440579.5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 21, 2025, I served a copy of the foregoing via CM/ECF on all parties receiving notice pursuant to the Court's electronic noticing system.

*/s/ Andrés J. Gallegos II*
Andrés J. Gallegos II

18440579.5