IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| In re:<br><br>    CTLC, LLC,<br><br>                  Debtor. | )<br>)<br>)<br>)  Chapter 11<br>)  Case No. 23-15444-DER<br>)<br>)<br>) |

**MOTION TO COMPEL DEBTOR'S COMPLIANCE WITH TERMS OF
CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION**

J. Paul Builders, LLC ("J. Paul"), by and through its counsel, files this *Motion to Compel Debtor's Compliance with Terms of Confirmed Chapter 11 Plan of Reorganization* (the "Motion to Compel"), and states as follows:

**BACKGROUND**

1. On August 2, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Maryland (the "Court").

2. The Debtor's primary asset is a custom home site located in Glenelg, Maryland and a partially completed custom home thereon (the "Property").

3. J. Paul holds a secured claim in the approximate amount of $1.45 million resulting from a final mechanic's lien against the Property and also an unsecured claim in the amount of $1,172,108.39.

4. On August 15, 2024, the Court entered an Order Confirming the Debtor's Chapter 11 Plan (the "Plan"). [Docket No. 147]

5.        Pursuant to the Plan, the deadline for the Debtor to complete a sale of the Property was December 31, 2024. This was a negotiated deadline, and the Debtor agreed that if that deadline was not met, the Plan required that the Property be sold through an auction process.

6.        Thereafter, the Debtor sought to extend the December 31, 2024 sale deadline. Pursuant to a Consent Order Resolving Motion to Extend Time entered on January 23, 2025, the sale deadline was extended to March 1, 2025. Pursuant to the Consent Order, if a confirmed contract for the sale of the Property was not in place by March 1, 2025, the auction process is to immediately commence. The Plan requires that the auction be completed 45-60 days after March 1, 2025 (i.e., no later than April 30, 2025).

7.        No sale contract was obtained by March 1. The Debtor, J. Paul, and Washington Capital Partners agreed that the auction would be conducted by Alex Cooper Auctioneers. However, the Debtor's representatives have (a) refused to sign an auction contract with Alex Cooper, (b) failed to grant Alex Cooper access to the Property to prepare auction marketing materials and otherwise move forward with the auction process, and (c) failed to cooperate in any way to allow the auction to proceed and be completed by April 30, 2025, in direct violation and breach of the confirmed Chapter 11 Plan.

8.        J. Paul requests the immediate entry of an order (a) directing the Debtor and its principals to sign an auction contract with Alex Cooper Auctioneers, (b) directing and compelling the Debtor and its principals to grant Alex Cooper access to the Property to prepare auction marketing materials and otherwise move forward with the auction process, including allowing prospective buyers access to the Property, and (c) directing and compelling the Debtor and its principals to cooperate in all respects with Alex Cooper to allow the auction to proceed and be completed by April 30, 2025.  J. Paul also requests that the April 30, 2025 sale deadline be

extended to the extent Alex Cooper deems an extension of the auction date past April 30, 2025 to be advisable for a more successful auction sale.

WHEREFORE, J. Paul respectfully requests that this Court: (i) grant this Motion to Compel and order all of the relief set forth hereinabove and (ii) grant such other and further relief as may be just.

Respectfully submitted,

*/s/ Brent C. Strickland*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Brent C. Strickland, Esquire (Bar No. 22704)
Whiteford, Taylor & Preston L.L.P.
8830 Standford Blvd. Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to J. Paul Builders, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2025, I served a copy of the foregoing via CM/ECF on all parties receiving notice pursuant to the Court's electronic noticing system.

*/s/ Brent C. Strickland*
Brent C. Strickland

3