**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
<u>Baltimore Division</u>**

| | |
|---|---|
| In re: | ( |
| | ( |
| CTLC LLC | (   Bankr. Case No.: 23-15444-DER |
| | ( |
| Debtor(s) | (   (Chapter 11) |
| | ( |

**EMERGENCY MOTION TO SHORTEN TIME PERMITTED FOR FILING
RESPONSES/OBJECTIONS TO PLAN ADMINISTRATOR'S EMERGENCY MOTION
TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS
<u>AND REQUEST FOR EXPEDITED HEARING THEREON</u>**

Zvi Guttman, Chapter 11 Plan Administrator for CTLC, LLC (the "Debtor"), by and through undersigned counsel, and pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure, hereby moves for the entry of an Order shortening the applicable time for creditors and all interested parties to file responses and/or objections to the Plan Administrator's Emergency Motion for Authority to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests (the "Motion to Sell") and if necessary for an expedited hearing thereon.  The Plan Administrator requests that the time to respond to the Motion to Sell be shortened to 14 days (July 23, 2025) and for cause states as follows:

<u>Background</u>

1. This case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 2, 2023.

2. On June 14, 2024, the Debtor filed an Amended Chapter 11 Plan [Dkt. 126] (the "Plan").  The Plan was confirmed on August 15, 2024, by Order Confirming Amended Chapter 11 Plan [Dkt. 147].

3. The funds necessary to implement the Plan were to come from the Debtor's cash reserves, contributions from the Plan Proponents, and, ultimately, the sale or refinance of the Debtor's real estate known as 15125 Devlin Drive, Glenelg, MD 21737 in Howard County, Maryland, generally described as a custom home site, consisting of

approximately 38.25 acres, improved by a partially constructed two story, approximately 25,000 square-foot single family residence (the "Property").

4. The Debtor failed to sell the Property in the time provided under the Plan or under extensions set forth in subsequent orders.

5. On May 29, 2025, the Court entered an Order Granting Motion to Compel Debtor's Compliance with Terms of Confirmed Chapter 11 Plan of Reorganization in which the Court directed the appointment of a plan administrator with "the exclusive authority to effectuate the terms of the Plan." [Dkt. 186].

6. It was anticipated that the sale would be by auction. However, the Plan Administrator has procured a Contract of Sale for the Property and has filed an Emergency Motion to Sell the Property.

7. In the absence of the Court granting this Motion, objections would be due on July 31, 2025 and a hearing held on August 11, 2025, an attenuated time-frame that is not acceptable to the interested parties/proposed purchasers.

## Basis for Relief Sought

8. Several factors justify the Plan Administrator's request to shorten the time in which to respond to the Motion as follows:

   a. The Contract contains a closing date of July 28, 2025.
   b. The Debtor has not maintained property or builder's risk insurance on the Property for some time. The Debtor did maintain liability insurance on the Property for a period of time but that coverage lapsed on April 30, 2025.
   c. Since that time the Property has been uninsured and the Trustee's efforts to procure replacement insurance were unsuccessful.
   d. The Property is vacant and exposed to the elements.
   e. Subject to a satisfactory appraisal, the Contract is a no-contingency, all cash, as is offer. The Trustee submits that this is a higher and better offer than any other offer received during an extended marketing period

by the Debtor.  The estate will suffer significant harm if the Contract is not approved in an expedited fashion.

9. Bankruptcy Rule 9006(c) provides that when an act is required to be done within a specified time by the Bankruptcy Rules, "the court for cause shown may in its discretion with or without motion or notice order the period reduced."

10. The Plan Administrator respectfully submits that cause exists to reduce the time permitted for filing responses or objections to the Sale Motion to 14 days (Close of Business on July 23, 2025).  Any delay in the sale process may result in a loss of the proposed sale, and a corresponding detriment to the estate.

## Service

11. This Motion will be served by CM/ECF on CM/ECF participants and the remaining creditors by first class mail.  Upon entry of an Order approving this Motion, the Plan Administrator will serve the Order in accordance with Local Rule 9013-6(c).

## Statement Pursuant to Local Bankruptcy Rule 9013-2

12. No memorandum will be filed with this Motion and the Defendant will rely solely upon this Motion.

WHEREFORE, the Plan Administrator respectfully requests that this Court enter an Order in the form submitted simultaneous herewith (i) shortening the response time to the Sale Motion to 4:00 PM on July 23, 2025 (14 days), (ii) set or hold a hearing on an expedited basis if necessary, and (iii) granting the Plan Administrator such other and further relief as the Court may deem just and proper.

/s/ Zvi Guttman
Zvi Guttman (06902)
The Law Offices of Zvi Guttman, P.A.
Post Office Box 32308
Baltimore, Maryland 21282
zvi@zviguttman.com
(410) 580-0500 Phone
**Counsel for the Plan Administrator**