Entered: July 23rd, 2025
Signed: July 23rd, 2025

**SO ORDERED**



DAVID E. RICE
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE | * | |
| CTLC LLC | * | Bankr. Case No.: 23-15444-DER |
| Debtor | * | (Chapter 11) |
| _____ | * | |
| Zvi Guttman, Plan Administrator | * | |
| Movant | * | CONTESTED MATTER |
| WCP Fund I LLC as Servicer Pacific RBLF Funding Trust | * | |
| | * | |
| J Paul Builders LLC | * | |
| Respondents | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**ORDER GRANTING EMERGENCY MOTION FOR AUTHORITY TO
SELL REAL PROPERTY FREE AND CLEAR OF
LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS
(15125 Devlin Drive, Glenelg, MD 21737)**

Upon consideration of:

I.     The Emergency Motion for Authority to Sell Real Property Free and Clear

of Liens, Claims, Encumbrances, and Interests (the "Sale Motion") filed by

Zvi Guttman, the Chapter 11 Plan Administrator herein (the "Plan Administrator");

II.    The Contract of Sale attached to the Motion as Exhibit A (the "Contract");

III.    The Responses to the Sale Motion, if any; and for good cause shown —

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    This Court has jurisdiction over the Sale Motion, the transaction contemplated by the Contract, and any ancillary documents and agreements related thereto, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for the above-captioned bankruptcy case and the Sale Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Sale Motion are §§ 105(a), 363, 1123, and 1146 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, and 9014 and Local Bankruptcy Rules 2002-1 and 6004-1.

C.    The Sale Motion seeks approval of the sale (the "Sale") of **15125 Devlin Drive, Glenelg, MD 21737** (the "Property") to **Isaac H. Birmingham,** or successor, designee, or assignee (hereinafter, the "Buyer" or the "Purchaser") under the Contract for **$2,675,000.00** (the "Purchase Price").

D.    Sale of the Property is a principal component of the implementation of the confirmed Chapter 11 plan in this case.

E.    The Plan Administrator has: (i) properly and appropriately exercised his sound business judgment in determining that the Sale of the Property to the Purchaser under the terms of the Contract is in the best interest of the bankruptcy estate, creditors, and other parties in interest; and (ii) demonstrated good and sufficient business justification for the sale of the Property under §§ 363(b), (f), and (m) of the Bankruptcy Code, free and clear of all Interests (as hereinafter defined).

F.    The sale of the Property to the Purchaser, pursuant to the Contract, will provide the highest and otherwise best value for the Property, and is in the best interests of the bankruptcy estate, creditors, and other parties in interest in that: (i) the Contract was proposed and entered into without collusion, in good faith and from arm's length bargaining positions by and between the Plan Administrator and the Purchaser and (ii)

~2~

the Purchaser is a third-party unrelated to the Debtor, the Plan Administrator, and persons connected to either.

G.    As evidenced by the certificates of service previously filed with this Court: (i) proper, timely, adequate, and sufficient notice of the Sale Motion has been given in accordance with §§ 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9014 to creditors and parties in interest in this case; (ii) such notice constitutes good and sufficient notice of the Sale Motion, and was good, sufficient, and appropriate notice under the circumstances; and (iii) no other or further notice of the Sale Motion is or shall be required.

H.    A reasonable opportunity to object or be heard regarding the Sale Motion and the Sale of the Property has been afforded to all interested parties in accordance §§ 102(1) and 363 of the Bankruptcy Code and with Bankruptcy Rules 2002, 6004, and 9014.

I.    The Plan Administrator may sell all of the Debtor's and the bankruptcy estate's right, title, and interest in the Property to the Purchaser free and clear of all liens, claims, encumbrances, or other interests (the "Interests") because one or more of the standards set forth in § 363(f)(1) - (5) of the Bankruptcy Code has been satisfied.

J.    Upon consummation of the Sale pursuant to the terms of the Contract, the transfer of the Property shall constitute a legal, valid, and effective transfer to the Purchaser, and shall vest in the Purchaser all the right, title, and interest of the Debtor and the bankruptcy estate in and to the Property.

K.    The Purchaser has not engaged in any conduct that could prevent the application of § 363(m) of the Bankruptcy Code to the Sale or Contract, or cause or permit the Sale to be avoided under § 363(n) of the Bankruptcy Code. Consequently, the Purchaser is a good faith purchaser under § 363(m) of the Bankruptcy Code, and is entitled to the protections afforded thereby.

L.    Pursuant to 11 U.S.C. § 1146(a) and § 4.4 of the Plan sale of the Property, the creation of any mortgage, deed of trust or other security interest in connection therewith, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan shall not be subject to any stamp, real

estate transfer, recapture, mortgage recording or other similar tax.

M.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this contested matter pursuant to Bankruptcy Rule 9014. To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the foregoing conclusions of law constitute findings of fact, they are adopted as such.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Sale Motion is hereby granted as set forth herein and all objections and responses to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled, or resolved as stated on the record or herein are hereby overruled and denied on the merits.

2.      The Sale of the Property to the Purchaser in accordance with the Contract, is hereby approved pursuant to §§ 105 and 363 of the Bankruptcy Code. The Plan Administrator is hereby authorized to sell the Property to the Purchaser on the terms and subject to the conditions set forth in the Contract, which is hereby approved.

3.      This Sale Order and the Contract shall be binding in all respects upon the Purchaser, the Plan Administrator, the Debtor, all creditors of the Debtor (known or unknown), and all interested parties, including, but not limited to, any party asserting Interests in the Property or proceeds thereof, and upon the successors and assigns of any of the foregoing.

4.      To the extent that any provision of this Sale Order is inconsistent with the terms of the Contract, the terms of this Sale Order shall control. The failure to specifically include or refer to any particular provision of the Contract in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract be approved in its entirety.

5.      The Contract and any related agreement, document or other instrument may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of this Court; provided that any such modification, amendment, or supplement is not material, is consistent with this Sale Order, and has the

approval of the parties to the Sale.

6.     Except as expressly provided in the Contract, the Property shall be transferred to the Purchaser upon closing free and clear of all Interests pursuant to § 363(f) of the Bankruptcy Code, with all such Interests to attach to the proceeds of sale with the same validity, priority, extent, and effect that such Interests had immediately prior to Closing, subject to all rights, claims, defenses, and objections of the Plan Administrator, the bankruptcy estate, its creditors, and all interested parties with respect to the Interests and the proceeds of sale.

7.     Except as expressly provided in the Contract, (i) the Purchaser shall not be liable for any Interests against the Property, and (ii) the transfer of the Property by the Plan Administrator does not and shall not subject the Purchaser to any liability as successor to the Debtor.

8.     The sole and exclusive remedy available to any person or entity asserting Interests against the Property (other than as expressly set forth in the Contract) shall be a right to assert in this Court any Interests against the proceeds of sale, and the holders of any such Interests are hereby barred from asserting such Interests against the Property, and the Debtor, the Plan Administrator, this bankruptcy estate, the Purchaser, and/or their respective successors and assigns. For the avoidance of doubt, the Property shall transfer to the Purchaser without payment on account of or satisfaction of the claims, encumbrances, liens and/or Interests of WCP Fund I LLC as Servicer Pacific RBLF Funding Trust and J Paul Builders LLC unless and except as provided for herein, said entities' sole recourse being against the proceeds of the Sale.

9.     The Purchaser entered into the Contract without collusion and in good faith as that term is used in § 363(m) of the Bankruptcy Code. The purchase price provided for under the Contract is fair and reasonable. The Purchaser is a purchaser in good faith entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code and the Sale may not be avoided under § 363(n) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale of the Property shall not affect the validity of such Sale to the Purchaser, unless such authorization is duly stayed pending such appeal prior to closing on the Sale.

10.     In accordance with this Sale Order and pursuant to the Contract, the Plan Administrator may consummate the sale of the Property to the Purchaser through execution of a deed and such deed along with this Sale Order shall be sufficient evidence of the transfer of title to the Purchaser free and clear of all Interests pursuant to § 363(f) of the Bankruptcy Code. The Sale consummated pursuant to this Sale Order shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, or duties of office or contract to accept, file, register or otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Sale Order; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Contract.

11.     The Plan Administrator is authorized to disburse from the proceeds of the Sale at or after settlement, directly or through an intermediary, including a title company:

A.     subject to 11 U.S.C. § 1146 and § 4.4 of the Plan, any transfer or recordation fees and stamps and costs of sale;

B.     the principal and interest and other allowable charges and amounts due to any person to the extent the Plan Administrator concludes that such person holds an interest or claim secured by a non-avoidable, non-subordinated, valid, and perfected interest or lien on the Property;

C.     the approved fees and expenses of the Plan Administrator's real estate professionals including costs and expenses incurred by said professional for utilities or other expenses associated with a sale of the Property;

D.     a $160,000 seller credit to the Purchaser; and

E.     secured, administrative, or priority real property taxes, water/sewage

charges, ground rent, tax sale purchaser fees or expenses, and condominium/HOA fees and assessments incurred postpetition and due (if any) as of the date of closing.

12.    The Plan Administrator shall satisfy the secured claim of WCP Fund I LLC as Servicer Pacific for RBLF Funding Trust, including interest, at Closing.

13.    The Plan Administrator shall satisfy the secured claim of J Paul Builders LLC including interest through the date of Closing.

14.    Any other proceeds of sale received and held by the Plan Administrator, shall be disbursed in accordance with the Debtors confirmed Plan and other and further orders of the Court.

15.    This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Contract and this Sale Order in all respects and to hear and determine any and all related disputes; provided however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction, or is without jurisdiction with respect to either the Property or this Sale Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

16.    The Plan Administrator shall be, and hereby is, authorized to (a) fully perform under, consummate and implement the Sale of the Property to the Purchaser, including the execution and delivery of all instruments and documents that may be reasonably necessary, required or desirable to implement and effectuate the Sale, the Contract, and the transactions contemplated by this Sale Order, and (b) to take all further actions as may be requested by the Purchaser for the purpose of transferring, granting, and conveying the Property to the Purchaser, free and clear of Interests.

17.    The stay provided for in Bankruptcy Rules 6004(h) is hereby waived and this Sale Order shall be effective immediately upon its entry.

**Suggested Distribution List**:

Andrs J. Gallegos, Esq.
Christopher B. Wick, Esq.
Ryan T. Johnson, Esq.
Hahn Loeser & Parks LLP

200 West Madison St., Suite 2700
Chicago, IL 60606

Lydia Travelstead
TTR Sothebys International Realty
209 Main Street
Annapolis, MD 21401

Ralphael Joyner
TTR Sotheby's International Realty
4809 Bethesda Ave
Bethesda, MD 20814

Richard L. Costella        rcostella@tydings.com, scalloway@tydings.com;
zjones@tydings.com; swilliams@tydings.com

Jeffrey Louis Forman        forman@comcast.net, forman3@yahoo.com;
jeff.forman@gmail.com

Andres J. Gallegos        agallegos@hahnlaw.com, ijumah@hahnlaw.com

Patricia B. Jefferson        pjefferson@milesstockbridge.com

Robert H. Kline        kliner@whiteandwilliams.com

Eric George Korphage        korphagee@whiteandwilliams.com

Joseph Michael Selba        JSelba@tydingslaw.com, jselba@tydings.com

Brent C. Strickland        bstrickland@wtplaw.com, mbaum@wtplaw.com; brent-
strickland-3227@ecf.pacerpro.com

US Trustee - Baltimore        USTPRegion04.BA.ECF@USDOJ.GOV

Maurice Belmont VerStandig        mac@mbvesq.com, lisa@mbvesq.com;
mahlon@dcbankruptcy.com; mac@dcbankruptcy.com;
verstandig.mauricer104982@notify.bestcase.com; verstandiglaw@recap.email

Gerard R. Vetter        gerard.r.vetter@usdoj.gov

Zvi Guttman Zvi Guttman zvi@zviguttman.com, zviguttman@gmail.com,
zviguttman@outlook.com, MD55@ecfcbis.com

**END OF ORDER**