IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

In re:                                            *

    CTLC, LLC                            *       Case No: 23-15444-DER
                                                  Chapter 11
    Debtor                               *
*     *     *     *     *     *     *

**DEBTOR'S OBJECTION TO CLAIM OF J. PAUL BUILDERS, LLC**
**(Claim No. 5)**

**NOTICE PURSUANT TO LOCAL RULE 3007-1(a)**

NOTICE TO CLAIMANTS SERVED WITH THIS OBJECTION:

PLEASE BE ADVISED THAT:

(a)     WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THE OBJECTION, YOU MAY FILE AND SERVE A RESPONSIVE MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE YOU WISH TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS YOU WISH TO RELY SOLELY UPON THE PROOF OF CLAIM; AND

(b)     AN INTERESTED PARTY MAY REQUEST A HEARING WHICH WILL BE HELD IN THE DISCRETION OF THE COURT

(c)     THE COURT MAY OVERRULE THE OBJECTION OR SET A HEARING ON THE OBJECTION IF THE OBJECTION FAILS TO INCLUDE ADEQUATE SUPPORT FOR THE REQUESTED RELIEF, EVEN IF A RESPONSE IS NOT FILED.

CTLC, LLC, the Debtor (the "Debtor"), by and through undersigned counsel and pursuant

to Federal Rule of Bankruptcy Procedure 3007, files this Objection to the Claim of J. Paul Builders, LLC, and in support thereof states as follows:

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Venue is proper pursuant to 28 U.S.C. § 1408.

2. On or about August 2, 2023, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code"). On August 15, 2024, the Court entered an order confirming the Debtor's Chapter 11 Plan (the "Plan").

3. On or about November 23, 2023, J. Paul Builders, LLC (the "Claimant" or "J. Paul") filed a proof of claim. In its claim, J. Paul asserted it was held a secured claim in the amount of nine hundred ninety-four thousand four hundred thirteen dollars and thirty-five cents ($994,413.35) and an unsecured claim in the amount of one million one hundred seventy-two thousand one hundred eight dollars and thirty-nine cents ($1,172,108.39). Claimant contended that the claim arose from providing labor and materials to the Debtor at its property located at 15215 Devlin Drive, Glenelg, Maryland 21737 (the "Property"). J. Paul's claim is Claim No. 5 on the claims register in this case.

4. Pursuant to the Plan, the deadline for the Debtor was to sell the Property on or before December 31, 2024. This was a negotiated deadline, and the Debtor agreed that if that deadline was not met, the Property would be sold through an auction process.

5. Thereafter, the Debtor sought to extend the December 31, 2024, sale deadline. Pursuant to Consent Order Resolving Motion to Extend Time entered on January 23, 2025, the sale deadline was extended to March 1, 2025. If there was no confirmed contract for the sale of

the Property by March 1, 2025, the auction process was to begin immediately.

6.      The Property did not sell in the time provided under the Plan or under extensions set forth in subsequent orders. On May 29, 2025, the Court entered an Order Granting Motion to Compel Debtor's Compliance with Terms of Confirmed Chapter 11 Plan of Reorganization in which the Court directed the appointment of a plan administrator.

7.      On July 10, 2025, the plan administrator filed an Emergency Motion to sell the property with a low-contingency, as-is, where-is contract, with no representations or warranties (the "Contract") for the sale of the Property to the Purchaser to close no later than August 1, 2025. The Property was sold on July 31, 2025.

8.      In addition to the Property itself, the sale included personal property and fixtures (e.g., appliances, window treatments, etc.) "incidental property" in and about the Property. Similarly, the sale included any and all construction materials, partially installed or uninstalled fixtures, equipment, supplies, and other building components or related items located on or intended for use at the Property, including but not limited to lumber, drywall, roofing materials, cabinetry, appliances, lighting fixtures, plumbing fixtures, mechanical systems, hardware, tools, fasteners, surplus inventory, and any other goods or materials stored, staged, or left on- site, whether or not incorporated into the structure. This also encompassed any construction debris, packaging, and abandoned equipment, whether originally intended for installation or for temporary use in connection with the construction of the improvements on the Property

9.      The Claim purports to assert a secured lien based on a mechanic's lien filed against the Debtor's Property. In reality, the lien is invalid and unenforceable under Maryland law because the Claimant failed to comply with the statutory prerequisites for establishing a

mechanic's lien. The Claimants lien was unquestionably based on materially false representations. Moreover, Maryland law specifically criminalizes the filing of a fraudulent lien, rendering any purported lien void *ab initio*.

10. Under § 502(b)(1) of the Code, a claim that is unenforceable under applicable law must be disallowed. Since Claimant's mechanic's lien is based on materially false statements and invoices, the Claim must be disallowed in its entirety. For these reasons and as set forth below, the Debtor requests that the Court sustain this Objection and disallow the Claim in full.

11. The Claim is based on a fraudulent lien. Additionally, the amount asserted as owed is incorrect.

12. Maryland Criminal Law prohibits the filing of false or fraudulent liens, subjecting violators to criminal penalties and rendering any such lien void. See Maryland Criminal Code Ann. § 3-808. The Claimant knowingly filed a petition containing materially false statements, including but not limited to misrepresentations of invoice amounts and the double counting subcontractor invoice amounts for other lawsuits already filed with the court. This was done with the intent to defraud the Debtor and other subcontractors. Such conduct falls squarely within the definition of a fraudulent lien under § 3-808(a).

13. Bankruptcy Code section 502(b)(1) provides that:

> "a claim . . . is unenforceable against the debtor and property of the debtor under any agreement or applicable law" must be disallowed. Claimant's alleged secured claim is unenforceable under Maryland law and must be disallowed in its entirety.

11 U.S.C. § 502(b)(1).

14. The Claimant filed its lien with material misrepresentations, including: 1) False

statements regarding the scope and value of the work performed; 2) Fictitious invoices and documentation; 3) Substantial misrepresentation of the lien amount. Affidavits of Jim Coates, Syed Shah and Sandra Grier are submitted to support the improper establishment of the Mechanic's lien. See **Exhibits 1, 2, & 3**.

15. Since Claimant's lien is based on fraudulent representations and is void by operation of § 3- 808, the Claim is unenforceable under § 502(b)(1) of the Bankruptcy Code and must be disallowed.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an Order that:

A. Disallows the claim of J. Paul Builders, LLC in its entirety; and

B. Grants such other and further relief as justice and equity demand.

Respectfully submitted,

/s/ Richard B. Rosenblatt
Richard B. Rosenblatt, #04678
Linda M. Dorney, #12874
**The Law Offices of Richard B. Rosenblatt, PC.**
30 Courthouse Square, Suite 302
Rockville, MD 20850
(301) 838-0098
rrosenblatt@rosenblattlaw.com

*Counsel for CTLC, LLC*

**Certificate of Service**

I HEREBY CERTIFY that on the 12th day of August, 2025, that I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing, Objection to Claim of J. Paul Builders, LLC, will be electronically served by the Court's CM/ECF system on the following:

Office of the United States Trustee
Gerard Vetter, Esq.
gerard.r.vetter@usdoj.gov

J. Paul Builder LLC
Brent Strickland, Esq.
bstrickland@whitefordlaw.com

WCP Fund I LLC
Maurice B. VerStandig, Esq.
mac@mbvesq.com

Miles & Stockbridge, PC
Patricia Jefferson, Esq.
pjefferson@milesstockbridge.com

Bravas, LLC
Jeffery L. Forman, Esq.
forman@comcast.net

Plan Administrator
Zvi Guttman, Esq.
zvi@zguttman.com

Joseph Selba. Esq
jselba@tydingslaw.com

and I FURTHER CERTIFY that a copy shall be mail by first class mail, postage pre-paid on:

Denis Shaffer, Esq.
Whiteford Taylor & Preston, LLP
7 St. Paul Street, Suite 1500
Baltimore, Maryland 21202.

            /s/ Richard B. Rosenblatt
            Richard B. Rosenblatt