## IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | | |
|---|---|---|
| **J. PAUL BUILDERS, LLC** | ) | |
| | ) | |
| Plaintiff/Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. C-13-CV-22-000026 |
| | ) | |
| **CTLC, LLC t/a CTLC, INC.,** | ) | |
| | ) | |
| Defendant/Respondent. | ) | |

### AFFIDAVIT OF SYED SHAH

I, Syed Shah, being duly sworn, do hereby depose and state:

1.      I am of legal age, have personal knowledge of the following facts, and am competent to testify to same.  At all times relevant herein, I was and still am the employed by Defendant CTLC, LLC ("CTLC")

2.      In my capacity as Project Manager at CTLC, I became familiar with the real property and partially-constructed improvement at 15125 Devlin Drive, Glenelg, Maryland 21737 (the "Property") that is the subject of the above-captioned lawsuit (the "Lawsuit"), and the work contracted for and performed by J. Paul Builders, LLC ("J. Paul"), as the builder for the partially-constructed improvement.

3.      Indeed, I was onsite at the Property weekly during 2021 and 2022 while construction was being performed and observed the work that was being performed both by J. Paul and its subcontractors.

4.      On behalf of CTLC, I have reviewed the invoices attached as Exhibit 5 to J. Paul's Petition and compared them to the work that was actually done by J. Paul and/or its subcontractors, and the materials and equipment that was actually delivered to the Property.

1

**EXHIBIT**

**2**

5.      There are many false representations in the invoices that J. Paul filed in support of its request for entry of a mechanic's lien.

6.      One of J. Paul's subcontractors, INI, Inc. ("INI"), agreed to provide (i) the wiring design and installation for internet access, the telephone communication systems, wireless networking, and all audio/video equipment at the Property; (ii) the equipment required for the audio, video, and wireless internet features at the Property; and (iii) installation of a complete home integration system at the Property.

7.      A true and correct copy of INI Inc. Invoice No. 1155 is attached to this Affidavit as **Exhibit 1**.

8.      As reflected on Invoice No. 1155, INI ordered certain speakers, wiring, and other equipment for the Property, and planned for the installation of same.  Pursuant to the payment terms, twenty percent (20%) of the invoice total was due at delivery of the materials to the Property, for a total of $81,471.96 due at delivery for Invoice No. 1155.

9.      The materials reflected on Invoice No. 1155 were never delivered to the Property.

10.     A true and correct copy of INI Inc. Invoice No. 1197 is attached to this Affidavit as **Exhibit 2**.

11.     As reflected on Invoice No. 1197, INI ordered additional materials and equipment for the Property.  The total amount due for the materials and equipment reflected on Invoice No. 1197 was $40,545.00

12.     The materials reflected on Invoice No. 1197 were never delivered to the Property.

13.     A true and correct copy of INI Inc. Invoice No. 1198 is attached to this Affidavit as **Exhibit 3**.

14.     As reflected on Invoice No. 1198, INI ordered additional speaker equipment and other materials for the Property. The total amount due for the materials and equipment reflected on Invoice No. 1198 was $12,650.00.

15.     The equipment and materials reflected on Invoice No. 1198 were never delivered to the Property.

16.     The total amount of materials and equipment invoiced as reflected on Invoice Nos. 1155, 1197 and 1198 is $134,666.95. Again, these materials and equipment were never delivered to the Property.

17.     There are other inconsistencies among the invoices that J. Paul filed in support of its request for entry of a mechanic's lien.

18.     For example, J. Paul included in its Petition Invoice Nos. 2021379; 2021416; and 2021518 from Jose Pimenta Construction in the amounts of $136,885.22; $77,380.00; and $156,466.78, respectively. These invoices are for materials and installation for limestone on first and second floor bands, window headers and jambs, coping and limestone for front door and represent progress invoices for 60% of the work completed and 100% of material delivered. *See* Motion to Strike Improperly Billed Invoices Filed in Support of Complaint and Petition to Establish and Enforce Mechanic's Lien; Request for Sanctions ("CTLC Motion to Strike and for Sanctions") at Exhibits A, B, and E.

19.     The limestone work done by Jose Pimenta is not complete. Attached as **Exhibit 4** are photographs of the exterior of the partially-constructed improvement (the "Improvement"). The photos show a good deal of the Improvement is still yellow, meaning the limestone work has not been done yet for these portions. Further, the limestone work that has been started is incomplete, i.e. where the limestone only goes up about a third of the way on the front of the

3

house.  The remaining work described in Invoice Nos. 2021379, 2021416, and 2021518 was never completed, and Mr. Pimenta did not achieve 60% completion as described in Invoice No. 2021518.

20.     J. Paul included in its Petition an invoice from Bison Drywall invoice indicating that ninety percent (90%) of the EIFS application is complete. CTLC Motion to Strike and for Sanctions at Exhibit B.

21.     The pictures attached at Exhibit 4 show that 90% of the EIFS application is not complete because a large portion of the exterior of the house is still yellow, which means that the EIFS application has not been applied to these areas.  With this much of the exterior still yellow it cannot be true that 90% of the EIFS application is complete.

22.     J. Paul included in its Petition invoices from Miller's Chimney & Hearth Retailer for $29,673.08 for a Dimplex linear electric fireplace plus the installation of four (4) Accucraft fireplaces.  CTLC Motion to Strike and for Sanctions at Exhibit B.  There is no Dimplex unit at the Property, and none of the fireplaces have been installed.

23.     J. Paul also included Invoice No. 252455 in the amount of $22,881.75 for a great room fireplace. CTLC Motion to Strike and for Sanctions at Exhibit D.   This great room fireplace was never delivered and is not on site at the Property.

24.     J. Paul master invoice 12/1/2021 includes Invoice No. 20-545-R1 from Metropolitan Fire Protection in the amount of $8,646.75 is for the fire sprinkler system rough-in (70% of Proposal Total).  CTLC Motion to Strike and for Sanctions at Exhibit B.

25.     Attached as **Exhibit 5** are photographs that show that there is one pipe run in six rooms of the house.  The rest of the orange pipes remain on the floor of the garage.

26.     J. Paul's master invoice dated 12/30/2021 includes $9,200.85 for DNB Construction Invoice No. 6, for ninety percent (90%) completion of the roof to date. The pictures attached as <u>Exhibit 1</u> show that the right side of the house has no roofing material applied, and that edges and flashing are missing for the roof. This was also the conclusion of Jonathan Fishbeck of EstateSpace, a construction management company CTLC hired to perform an initial site inspection of the Property. Because the roof was not properly installed there are active leaks and resulting water damage at the Property.

## **Affirmation**

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Syed Shah
Date:   April   6   , 2023