IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | |
|---|---|
| J. PAUL BUILDERS, LLC,           ) | |
|                       Plaintiff,   ) | |
| v.                                                   ) | Civil. No. C-13-CV-22-000026 |
| CTLC, LLC,                                     ) | **ORAL ARGUMENT REQUESTED** |
|                     Defendant.  ) | |

## MOTION TO RECONSIDER, VACATE OR STRIKE
## JUDGMENT/LIEN AND INCORPORATED MEMORANDUM IN SUPPORT

Defendant CTLC, LLC ("CTLC"), by its undersigned counsel and pursuant to (*inter alia*) Maryland Rules 2-311 and 2-535, hereby moves this Honorable Court to reconsider its entry of the mechanic's lien judgment entered against CTLC and in favor of Plaintiff J. Paul Builders, LLC ("J. Paul") on February 23, 2022 (the "Judgment") and to enter an Order vacating or striking the same. For the reasons that follow, as may be further supplemented in writing or at oral argument, this Motion should be granted, the subject Judgment should be vacated or stricken, and a new show cause order should be entered setting a new date for CTLC to respond to J. Paul's Complaint and setting a new date for a show cause hearing.

As will be seen, the Judgment should be vacated because: (**i**) this motion was timely filed upon CTLC learning of the filing of this lawsuit and the entry of the Judgment; (**ii**) CTLC's failure to timely respond to the Complaint and the show cause order entered on January 21, 2022 (the "Show Cause Order") was the result of mistake, inadvertence, or excusable neglect, as CTLC never itself received a copy of the Complaint or the Show Cause Order until (on or about February 28, 2022) after the default judgment had already been entered; (**iii**) J. Paul will suffer no prejudice if the default judgment is vacated; and (**iv**) CTLC has viable defenses to J. Paul's claims including, but not limited to the fact that both J. Paul and its subcontractors double billed,

1

billed for work that had not actually been performed at the time payment was demanded, and that J. Paul/its subcontractors performed defective work.

I. **Argument**

   A. **Applicable Procedural Rules**

Of course, Rule 2-535(a) provides, in pertinent part:

> (a) Generally. On motion of any party **filed within 30 days after entry of judgment**, the court may exercise revisory power and control over the judgment **and, if the action was tried before the court, may take any action that it could have taken under Rule 2-534**…

*Id.* (emphasis added). In turn, Rule 2-534 provides, in pertinent part:

> In an action decided by the court, on motion of any party filed within ten days after entry of judgment, **the court may open the judgment to receive additional evidence,** may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, **may amend the judgment**, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial…

Id. (emphasis added).[1]

   B. **CTLC's Failure To Timely Respond Was Excusable**

As is common with many corporate entities, CTLC utilizes a professional third party company – specifically United States Corporation Agents, Inc. ("United") – to serve as CTLC's resident agent for purposes of service of process. CTLC does not dispute that it appears United

---

[1] Note that because this case did not involve the 2-step default judgment process outlined in Rule 2-613, it is Rules 2-534 and 2-535 that govern and provide the permissible relief in this context. *See, e.g.*, Westpointe Plaza II Limited Partnership v. Kalkreuth Roofing & Sheet Metal, 109 Md.App. 569, 675 A.2d 571 (1995). Indeed, under this scenario -- in which a mechanic's lien was entered for alleged failure to timely respond in writing to a Complaint as mandated by a show cause order (but no order of default was entered prior to the entry of final judgment -- CTLC is not limited to only challenging the relief granted. *Id.* That said, and while the standards for a Rule 2-613 do not technically apply, in this Motion CTLC nevertheless outlines the reasons why CTLC's failure to timely respond was excusable and that it has meritorious defenses to J. Paul's claims that should be permitted to move forward…lest technicality triumph over this case being heard on its merits (the latter being preferred by Maryland courts).

2

was served with the summons, Complaint and Show Cause Order in this matter on or about January 31, 2022. However, none of those documents were received by CTLC itself at that time. Instead, they were only obtained by CTLC on or about February 28, 2022, after CTLC was advised of the existence of this lawsuit by CTLC's title company (on or about February 22, 2022, in connection with the closing on another property).

CTLC did not receive the service packet until after judgment was entered because United did not hand deliver, mail, or fax the documents to CTLC. Instead, United only e-mailed them to CTLC. However, the e-mail to which United sent the service packet was no longer used by CTLC and, indeed, CTLC could no longer access that e-mail account.

Had CTLC received the service packet, or known about the existence of this lawsuit before the time it was already too late to respond, it certainly would have timely responded to the Complaint and Show Cause Order.[2] However, due to the aforementioned inadvertence/excusable neglect (*i.e.*, CTLC's failure to update United with CTLC's e-mail address – the defective e-mail having been provided approximately 5 years earlier and the need to change it was not on the top of CTLC's mind when the changeover occurred), as noted CTLC did not itself actually receive the documents. Once it did receive the summons, Complaint and Show Cause Order, CTLC immediately sought and retained counsel, analyzed and investigated J. Paul's claims and CTLC's potential defenses (which process is ongoing), and filed this Motion (which Motion is timely filed within the 30-day time period mandated by Rule 2-535).

---

[2] Note that in response to this Motion, J. Paul may claim that it supposedly advised CTLC "in a January correspondence that litigation had been filed." CTLC's counsel requested a copy of said correspondence from J. Paul's counsel prior to filing this Motion but no such correspondence was provided. In any event, CTLC never received any such correspondence in January and, again, received no word that this lawsuit had been filed until late February.

3

Under these circumstances, CTLC's failure to timely respond to the Complaint and Show Cause Order was certainly excusable, as it was the result of mistake, inadvertence, or excusable neglect. J. Paul would not be prejudiced if the default judgment were to be vacated - - the only thing it would lose would be the free pass to a default judgment it was granted as a result of this inadvertence. Consequently, good cause exists for vacating or striking the subject Judgment, and this Motion should accordingly be granted.

C.   **J. Paul's Various Failures To Perform/CTLC's Meritorious Defenses**

As would be shown were CTLC permitted to defend this case on its merits, J. Paul failed to perform under the parties' agreement in numerous aspects (and indeed, J. Paul's sharp business practices and treatment of CTLC would likely rise to the level of consumer protection act violations were the agreement actually with the principals of CTLC themselves rather than with a corporate entity – a technicality to be sure). Among those failures on J. Paul's part include J. Paul's billing for work that had not actually been performed at the time payment was demanded,[3] double billing for completed work, defective work that requires remediation, including but not limited to water infiltration that has plagued the project from nearly its inception and ordering materials far in advance of when they were actually reasonably needed for inclusion in the project (*e.g.*, drywall). These failures on J. Paul's part were brought to its

---

[3]   Upon information and belief, at the time J. Paul was working on CTLC's project, it was simultaneously working on (at least) one other home, and J. Paul was facing difficulty paying its subcontractors on that other project. CTLC believes this explains the reason why J. Paul billed CTLC for work that had not yet actually been completed on the CTLC project – so J. Paul could obtain funds necessary to pay bills on that other project. Of course, that is certainly not what CTLC or its principals agreed to or expected when they hired J. Paul to undertake this construction project.

4

attention throughout the project, its claim that notice requirements under the parties' agreement were supposedly not adhered to notwithstanding.[4]

## II.     Conclusion

For all of the foregoing reasons, Defendant CTLC, LLC prays (i) that this Motion be granted, (ii) that this Honorable Court reconsider its entry of the Judgment, (iii) that an Order be entered vacating or striking the subject Judgment, and (iv) that a new show cause order be entered setting a new date for CTLC to respond to J. Paul's Complaint and setting a new date for a show cause hearing.

Respectfully submitted,

/s/ Sean P. Sherman
Sean P. Sherman (CPF No. 0012290006)
SHULMAN, ROGERS, GANDAL,
   PORDY & ECKER, P.A.
12505 Park Potomac Ave., 6th Floor
Potomac, MD 20854
(301) 230-5200; (301) 230-2891 (fax)
ssherman@shulmanrogers.com
*Attorneys for CTLC, LLC*

---

[4] On this point, the issue of whether J. Paul waived the notice requirement in the parties' agreement through its conduct or otherwise, and/or whether said notice requirement was even enforceable in the first place in light of the practical/functional impossibility of raising or challenging performance issues in the midst of construction (*e.g.*, the inability to determine within the time frame set forth for notices whether certain components installed by one subcontractor are sufficient for acceptance of the work of a follow-on subcontractor), is something that CTLC intends to address were it allowed to defend this case (which in light of the circumstances CTLC submits it should). While J. Paul places great reliance on the notice requirement (likely because it would prefer to avoid light being shone on the deficiencies in its work and on its sharp business tactics vis-à-vis CTLC), CTLC believes it will be able to show that said notice provision does not present a bar to CTLC's defenses.

## CONTINGENT REQUEST FOR HEARING

If (but only if) a timely opposition is filed in response to this Motion, then CTLC respectfully requests a hearing on its Motion on the earliest date that is convenient to the Court and parties. If no such timely response is filed, then CTLC respectfully request that its Motion be granted as unopposed and without a hearing.

/s/ Sean P. Sherman
Sean P. Sherman (CPF No. 0012290006)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March, 2022, a copy of the foregoing was served, via the Court's MDEC system, upon:

Adam Cizek, Esq.
WHITEFORD, TAYLOR & PRESTON, L.L.P.
8830 Stanford Boulevard, Suite 400
Columbia, Maryland 21045

Patrick D. McKevitt, Esq.
Timothy R. Willman, Esq.
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202-1636

/s/ Sean P. Sherman
Sean P. Sherman (CPF No. 0012290006)